Charles BRUCE, Individually and Better Valley Home Builders, Inc., Appellant,

v.

James S. BATES, Trustee, Appellee.

No. 619.

Court of Civil Appeals of Texas, Corpus Christi.

May 27, 1971.

Rankin, Kern & Martinez, H. H. Rankin, Jr., H. Hollis Rankin, III, McAllen, for appellant.

Henrichson, Bates & Hendrix, E. G. Henrichson, Edinburg, for appellee.

## OPINION

NYE, Chief Justice.

This is a suit on a promissory note. The trial court granted plaintiff's motion for summary judgment. The appellant perfected his appeal contending in two points that the trial court erred in rendering a summary judgment on the note because the ownership of the note was not proved as a matter of law, and that the trial court erred in admitting into evidence the original note at the hearing on the motion for summary judgment.

■ The plaintiff's motion for summary judgment was unverified and was not accompanied by any affidavit. A copy of plaintiff's note was attached to the original petition. Although plaintiff stated that the note was attached to plaintiff's request for admissions, no copy of the note was included in the portion of the transcript where the request for admissions was located. The defendant filed a general denial. This raised the issue as to whether the plaintiff was the owner and holder of the note. Blair v. Halliburton Company, 456 S.W.2d 414 (Tex.Civ.App.—El Paso 1970). The fact that a copy of the note was attached to the petition, was not sufficient to justify entry of a judgment. It did not constitute any evidence.

The Supreme Court stated in Gibbs v. General Motors Corp., 450 S.W.2d 827 (Tex.1970):

" * * * the question on appeal, as well as in the trial court, is not whether the summary judgment proof raises fact issues with reference to the essential elements of the plaintiff's claim or cause of action, but is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. * * *"

* * * * * *

" * * * the judgment sought should be granted, and if granted should be affirmed, only if the summary judgment record establishes a right thereto as a matter of law."

The Supreme Court recently had occasion to determine the exact point that is before us. It stated that:

" * * * the failure to attach the note or a properly authenticated copy of it, and the effect of the general denial, are directly in point here, and are here adopted * * *

* * * '[Crittenden] could have discharged [his burden] without producing and introducing the original note under Rule 166–A(e), by attaching a sworn or certified copy of the note to a proper affidavit or by serving such a copy with an affidavit. * * *'" Perkins v. Crittenden, 462 S.W.2d 565 (Tex.1971). The fact that a copy of the note was attached to plaintiff's petition is insufficient and constitutes no evidence for a summary judgment. Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540 (Tex. 1971).

■ Appellant's second point is also sustained. The Supreme Court has held that the introduction of instruments such as the promissory note at the hearing on the summary judgment, are not to be considered in the rendition of summary judgment where they were not attached to the motion or served on the opposing party. State v. Easley, 404 S.W.2d 296 (Tex.1966); Richards v. Allen, 402 S.W.2d 158 (Tex.1966). We hold that the entry of the summary judgment was improper. Judgment of the trial court is reversed and the case is remanded.

Appellee has not filed a brief but has filed what it denominates a "motion to remand", indicating that the controversies between the parties had been compromised and settled. In the event that this case has been compromised and all issues settled between the parties, then this remand shall be for entry of such settlement as has been approved by the parties hereto.

Reversed and remanded.