Arthur R. BAEBEL, Appellant,

v.

RIVER OAKS BANK & TRUST COMPANY, Appellee.

No. 830.

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 25, 1973.

Paul Rick Oshman, Richie & Greenberg, Houston, for appellant.

J. Clifford Gunter III, Bracewell & Patterson, Houston, for appellee.

CURTISS BROWN, Justice.

This is an appeal from a summary judgment in a suit brought to collect the balance due on a promissory note. The note was executed by appellant Arthur R. Baebel and was payable to appellee River Oaks Bank & Trust Company. Appellant answered the suit by general denial and filed a cross-action alleging usury. After a hearing on appellee's motion for summary judgment, the trial court entered judgment that River Oaks Bank & Trust Company recover the sum of $4,938.60 plus interest thereon. Appellant's cross-action is not mentioned in the judgment but presumably was disposed of by implication. Bennett v. Copeland, 149 Tex. 474, 235 S.W.2d 605 (1951).

Appellant has predicated his appeal upon the following two points of error:

"I. The trial Court erred in granting Appellee's *Motion for Summary Judgment* as Appellee, as a matter of law, failed to establish that it was currently the owner and holder of the promissory note.

II. The Court erred in granting Appellee's *Motion for Summary Judgment* as the Appellee failed to establish, as a matter of law, that no issue of fact existed with respect to the issue of usury as plead in Appellant's *Cross-Action*."

In support of his first point of error appellant contends that there is no proper summary judgment evidence in the record to establish that River Oaks Bank & Trust Company was the owner and holder of the note in question. An examination of the record discloses that this contention is correct.

■ In its original petition, River Oaks Bank Trust Company did allege that it was the owner and holder of the note sued upon. Attached to the petition is a copy of the note, a copy of the security agreement and an affidavit by an officer of the bank. In the affidavit, the affiant swore that the facts contained in the petition are true and correct. This, however, cannot be considered evidence for purposes of the summary judgment. Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540 (Tex. Sup.1971).

■ Attached to appellee's motion for summary judgment is another affidavit by the same bank officer. In this affidavit, the affiant swore that appellant had failed to make payments according to the terms of the note and that there remained owing the sum of $4,938.60. The copy of the promissory note attached to the petition is incorporated by reference in this affidavit. The affiant swore that the copy was true and correct. This incorporation by reference was sufficient, absent an exception, to prove the terms of the note. Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230 (Tex.Sup.1962). However, it is not sufficient to prove that appellee was the owner and holder of the note. A sworn statement to that effect is necessary when utilizing a sworn or certified copy of the note rather than the original. Texas Nat. Corp. v. United Systems Internat'l, Inc., 493 S. W.2d 738 (Tex.Sup.1973). Nowhere in the supporting affidavit attached to the motion for summary judgment did the affiant state that appellee was the owner and holder of the note sued upon. This was not merely a formal deficiency which could be waived by failure to object. Boswell v. Handley, 397 S.W.2d 213 (Tex.Sup.1965). The question of ownership of the note is a *material* issue of fact in a suit to collect the amount owing. Consequently, numerous cases cited by appellee involving "formal deficiencies", e. g., International Shelters v. Corpus Christi St. N. Bank, 475 S. W.2d 334 (Tex.Civ.App.–Corpus Christi 1971, no writ), are not in point.

■ The propriety of reversing this summary judgment because of the above mentioned irregularities would be quite clear were it not for the fact that we find in the record before this Court the original of the note in question. The note is attached to the judgment. It seems that at the hearing on the motion for summary judgment a form of judgment, with the original note attached, was tendered to the trial court. "The original of the note carries with it evidence of possession and ownership." Texas Nat. Corp. v. United Systems Internat'l, Inc., supra, 493 S.W.2d at 740. The question then is whether the presentation of the original of the note, at the hearing on the motion for summary judgment, remedied the prior noncompliance with Texas Rules of Civil Procedure 166–A. We hold that it did not.

■ It is well established that it is improper for the trial court to receive evidence, either oral or documentary, at the hearing on the motion for summary judgment. State v. Easley, 404 S.W.2d 296 (Tex.Sup.1966); Richards v. Allen, 402 S. W.2d 158 (Tex.Sup.1966); Tex.R.Civ.P. 166–A. Documentary evidence referred to in an affidavit supporting a motion for summary judgment should be "attached thereto or served therewith." Le Tulle v. McDonald, 444 S.W.2d 794 (Tex.Civ.App.– Beaumont 1969, writ ref'd n. r. e.); Tex. R.Civ.P. 166–A(e). Since the promissory note in the instant case was not so attached and properly filed, it was not entitled to consideration at the hearing. This exact point was decided adversely to appellee in Bruce v. Bates, 468 S.W.2d 906 (Tex.Civ.App.–Corpus Christi 1971, no

**464**

writ). Cases of similar import are Houston Crane Rentals, Inc. v. City of Houston, 454 S.W.2d 216, 220 (Tex.Civ.App.–Houston (1st Dist.) 1970, writ ref'd n. r. e.); Meek v. Cain, 452 S.W.2d 729 (Tex.Civ.App.–Tyler 1970, no writ); and Le Tulle v. McDonald, supra. It should be noted that we have considered the possible applicability of the provision of Tex.R.Civ.P. 166–A(e) for supplementing supporting affidavits. We have concluded that such provision is not applicable under the facts of this case.

Since the sustaining of appellant's first point of error necessitates a reversal and remand of this case, it is unnecessary for us to consider appellant's second point of error.

Reversed and remanded.