Jon Drew ROLAND et al., Appellants,

v.

**EQUITABLE TRUST COMPANY,**
Appellee.

No. 16060.

Court of Civil Appeals of Texas,
San Antonio.

May 31, 1979.
Rehearing Denied July 11, 1979.

Gerald T. Drought, S. Mark Murray, Martin, Drought & Danysh, San Antonio, for appellants.

Carl Raymond Crites, San Antonio, for appellee.

## OPINION

CADENA, Chief Justice.

Defendants, Jon Drew Roland and James Fenimore, independent executor of the estate of Miladie Fraser, appeal from a summary judgment granting plaintiff, Equitable Trust Company, recovery for the amount remaining unpaid on a promissory note after a trustee's sale of the land given as security for payment of the note.

On August 21, 1974, Jon Roland and Miladie Fraser executed a note in the amount of $10,000.00 payable to plaintiff. On the same day Roland executed a deed of trust, describing the land owned by him in Guadalupe County, to secure payment of the note. Miladie Fraser owned no interest in such land. On November 2, 1976, following default by the makers of the note, the land described in the deed of trust was sold to plaintiff at a trustee's sale for $3,500.00.

On November 1, 1977, plaintiff filed this suit to recover the amount, approximately $7,000.00, remaining unpaid on the note after the $3,500.00 realized at the trustee's sale had been applied to payment of the note. Roland and the executor filed general denials. On November 23, 1977, Roland filed a counterclaim alleging lack of proper notice of acceleration of the note, lack of proper notice of the sale, and the inability of his co-maker Miladie Fraser to protect her interests because of a serious illness which culminated in her death prior to the date of sale. Roland alleged that the land was worth more than $15,000.00 and that the price realized at the sale was grossly inadequate. He sought judgment against plaintiff for $5,000.00, which he alleged to be the value of his "equity" in the land.

Plaintiff filed its motion for summary judgment on December 5, 1977, and its answer to Roland's counterclaim on January 12, 1978.

A hearing on the motion for summary judgment was held on January 20, 1978, and on February 6, 1978, the court entered judgment in favor of plaintiff on its claim and against Roland on his counterclaim.

It is undisputed that the note was executed by Roland and Fraser; that plaintiff was the holder of the note; that there was a default; and that the land sold for $3,500.00.

■ The motion for summary judgment was supported by the affidavit of the trustee. Insofar as here relevant, the affidavit states that proper notices were given and that the land was sold. Since defendant produced no summary judgment evidence indicating that proper notice was not given, the fact of proper notice was conclusively established. Article 3810, Tex.Rev.Civ.Stat. Ann. (Vernon Supp.1978–1979).

The claim that the sale was unfair and that the price received for the land was grossly inadequate were clearly defensive matters concerning which defendants had the burden of proof. In the absence of summary judgment evidence raising at least an issue of fact as to the component elements of the affirmative defense asserted, plaintiff was entitled to summary judgment on its claim. *Hudnall v. Tyler Bank and Trust Co.,* 458 S.W.2d 183, 185 (Tex. 1970).

The sale affected no interest of Miladie Fraser in the land sold, since such land was wholly owned by Roland. For the purpose of this opinion we will assume, without deciding, that the rules relating to disability on the part of mortgagor are applicable to Mrs. Fraser. Given the fact of disability, the rule is that such disability does not affect the fairness of a foreclosure sale unless the sale was for a grossly inadequate price. *See James v. Channey,* 154 S.W. 679, 681–82 (Tex.Civ.App.—Texarkana 1913, writ ref'd).

In his affidavit filed in opposition to the motion for summary judgment Roland, after stating he was familiar with values of comparable land, alleged that the value of the land described in "Exhibit A" attached to his affidavit was in excess of $14,000.00. The exhibit is not attached to the affidavit and does not appear among the instruments filed in the case. We find that his affidavit is insufficient to raise a question of fact concerning adequacy of price. *See,* Rule 166–A(e), Tex.R.Civ.P. (Vernon Supp.); *Baebel v. River Oaks Bank & Trust Co.,* 498 S.W.2d 461 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ). Plaintiff's failure to object to this defect is irrelevant. *See Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230, 234 (Tex.1962).

Defendants filed written objections to the lack of specificity in plaintiff's motion for summary judgment. However, the record establishes that the pleadings containing such exceptions were withdrawn and the objections were never urged by defendants or ruled on by the court. The defects, if any, were waived. *Westchester Fire Insurance Co. v. Alvarez,* 576 S.W.2d 771 (Tex.1978).

Roland contends that the court improperly included in the summary judgment provisions that Roland take nothing by his counterclaim. The motion for summary judgment prayed for judgment in accordance with plaintiff's pleadings and affidavit. Roland argues that since plaintiff's answer to the counterclaim had not been filed as of the date of its motion for summary judgment, that the court improperly included the counterclaim in the summary judgment.

Under Rule 166–A, summary judgments are rendered on "the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, on file at the time of the hearing, or filed thereafter and before judgment." The judgment was entered after the answer had been filed, and the judgment recites that the parties stipulated that the court's judgment "should be rendered . . . based upon the following: . . . Plaintiff's Original Answer to Counterclaim . . . ." The court properly disposed of the counterclaim.

Defendants correctly point out that there was an issue of fact concerning the amount of attorney's fees to be recovered by plaintiff. However, since the judgment denied plaintiff's prayer for attorney's fees, defendants have no cause for complaint.

The judgment of the trial court is affirmed.