CITY OF SAN ANTONIO, Appellant,

v.

Carlos D. RODRIGUEZ, Appellee.

No. 04–94–00035–CV.

Court of Appeals of Texas,
San Antonio.

July 19, 1995.

Paula Dlugosz, Assistant City Attorney, San Antonio, for Appellant.

C. Kendall Harrell, Law Offices of C. Kendall Harrell, P.C., Bart L. Brzozowski, Law Offices of Bart L. Brzozowski, San Antonio, for Appellee.

Before CHAPA, C.J., and STONE and GREEN, JJ.

## OPINION

GREEN, Justice.

This is a premises liability case. Carlos D. Rodriguez suffered personal injuries at the City of San Antonio's ("City") Normoyle Recreation Center. A jury found the City negligent and awarded damages. The City brings seven points of error. We affirm.

Rodriguez was playing basketball at a city-owned and operated recreation center. During the course of the game, Rodriguez went up for a rebound, landed in a wet spot on the floor, slipped, and injured his knee.

The plaintiff brought a premises liability negligence cause of action against the City, claiming to be a licensee on the premises. Negligence occurs when (1) a party who owes a duty of ordinary care to another, (2) breaches that duty, and (3) damages proximately result from the breach. *Smith v. Sewell*, 858 S.W.2d 350, 355–56 (Tex.1993); *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex.1987). As it relates to a licensee, the law of premises liability limits the customary duty of ordinary care. Generally, an owner-occupier of land owes no duty to a licensee except not to injure him by acts of "willful, wanton or gross negligence." *State v. Tennison*, 509 S.W.2d 560, 562 (Tex.1974). An exception to the general rule arises when the owner-occupier has actual knowledge of a dangerous condition which is unknown to the licensee. *Id.* In that instance, the owner-occupier must warn the licensee of the dangerous condition or make the condition reasonably safe. *Id.*

The parties agree the City owed a duty to Rodriguez—that of a licensee. However, the parties disagree what constituted the dangerous condition, if any—the leaky roof or the wet gym floor.

Proximate cause[1] consists of cause-in-fact and foreseeability. *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex.1992); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 549 (Tex.1985). Cause-in-fact means the act or omission was a substantial factor in precipitating the injury and without it harm would not have occurred. *City of Gladewater v. Pike*, 727 S.W.2d 514, 517 (Tex.1987). Foreseeability means a person of ordinary intelligence should have anticipated the danger his negligent act or omission created for others. *Travis*, 830 S.W.2d at 98.

In negligence actions, the foreseeability of harmful consequences resulting from action or failure to act is the underlying basis for

---

1. The actual instruction given to the jury in the instant case reads as follows:

    "PROXIMATE CAUSE" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

liability. *Corbin v. Safeway Stores, Inc.,* 648 S.W.2d 292, 296 (Tex.1983). Therefore, Rodriguez is entitled to recover if the City knew that harm was foreseeable based on its failure to remedy a dangerous condition or to warn Rodriguez. *Id.*

■ The testimony of David Aguilar, the acting center supervisor at the time of the accident, shows the following: The gym roof leaked whenever it rained hard. The roof leaked a week or two before, as well as, the day of Rodriguez's injury. The day of Rodriguez's injury, Aguilar, observing multiple puddles on the gym floor resulting from the leaky roof, closed the gym from 8:30 a.m. until approximately 3:30 that afternoon, citing safety concerns. Additionally, Arturo Gutierrez, a gym patron, testified that Joe Perez, the permanent center supervisor, had closed at least part of the gym on prior occasions when the roof leaked.

The jury could reasonably conclude that the leaky roof was a dangerous condition. Further, it is reasonable for the jury to conclude the leaky roof was a cause which, in a natural and continuous sequence, produced an event, without which cause the event would not have occurred. It was also reasonable for the jury to find it foreseeable that the leaky roof created an unreasonable risk of harm.

In points of error one and two, the City complains of the legal and factual sufficiency of the evidence regarding the City's actual knowledge of the dangerous condition created by the wet spot on the floor. Because we believe this mischaracterizes the issue and is belied by the City's argument in its brief, we will address the sufficiency points as challenging sufficiency of the evidence of the City's knowledge of a dangerous condition. *Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex.1989) (requiring liberal construction of "points of error in order to obtain a just, fair and equitable adjudication").

In reviewing legal insufficiency or "no evidence" points, the reviewing court considers only the evidence and inferences that, when viewed in their most favorable light, tend to support the finding, and disregards all evidence and inferences to the contrary. *Davis v. City of San Antonio,* 752 S.W.2d 518, 522 (Tex.1988); *Stafford v. Stafford,* 726 S.W.2d 14, 16 (Tex.1987). If there is more than a scintilla of evidence to support the finding, the "no evidence" point must be overruled and the finding upheld. *Sherman v. First Nat'l Bank,* 760 S.W.2d 240, 242 (Tex.1988).

In considering a factual sufficiency point, we assess all the evidence and reverse for a new trial only if the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 635 (Tex.1986); *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

As recited above, the record amply reflects the City's knowledge of the roof leak. Point of error number one is overruled because evidence exists that tends to support the findings. Also, because the finding of a dangerous condition was not so against the great weight and preponderance of the evidence, we overrule point of error number two.

Point of error number three claims error because the trial court failed to submit a jury instruction identifying the wet spot on the floor, and excluding the roof, as the dangerous condition. Alternatively, Rodriguez's pleadings at trial and on appeal complain of the leaky roof as the dangerous condition.

■ "Whether a condition constitutes a danger is a function of reasonableness." *Rosas v. Buddies Food Store,* 518 S.W.2d 534, 537 (Tex.1975); *EDCO Prod. Inc. v. Hernandez,* 794 S.W.2d 69, 73 (Tex.App.—San Antonio 1990, writ denied). Therefore, it is for the jury to determine if an ordinarily prudent person would foresee that a condition creates an unreasonable risk of harm. *Buddies Food Store,* 518 S.W.2d at 537–38; *EDCO Prod. Inc.,* 794 S.W.2d at 73. The trial court committed no error in refusing to limit the jury's consideration of the roof as the dangerous condition. Point of error number three is overruled.

■ The City complains in point of error number four of the trial court's rejection as untimely and resulting failure to consider a requested instruction on the standard of care owed by the City to a licensee. If we

assume, without deciding, that the court's failure to consider the City's request was error, the City gains nothing. The trial court has considerable discretion in determining what instructions, if any, are necessary and proper in submitting the issues to the jury. *Mobil Chem. Co. v. Bell,* 517 S.W.2d 245, 256 (Tex.1974); *Hamblet v. Coveney,* 714 S.W.2d 126, 129 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). There is no abuse of discretion absent a showing that appellant suffered a denial of rights such as was reasonably calculated to cause and probably did cause rendition of an improper verdict in the case. TEX.R.APP.P. 81(b)(1); *Bryan v. Dockery,* 788 S.W.2d 447, 451 (Tex.App.—Houston [1st Dist.] 1990, no writ).

The trial court submitted the jury question for premises liability when the plaintiff is a licensee from the Pattern Jury Charges.[2] 3 STATE BAR OF TEXAS PATTERN JURY CHARGES PJC 66.05 (2d ed. 1993). The definition of which the City complains is the general definition for "negligence" recommended to accompany PJC 66.05.[3]

■ Read together, the jury question and the "negligence" definition provide a correct statement of the duty the City owes to a licensee. There has been no showing that the instruction and questions as submitted caused the rendition of an improper verdict. Therefore, rejecting the City's requested instruction as untimely, even if error, could not have resulted in an abuse of discretion. Point of error number four is overruled.

Point of error number five contends the trial court erred in declining to submit the City's requested instruction adding the word "either" so the instruction would read ". . . the City of San Antonio was negligent if . . . [t]he City of San Antonio failed *either* to adequately warn Carlos D. Rodriguez . . ., or make the condition reasonably safe." The City asserts the instruction, as given, left the jury with the impression the City was obligated to both "warn" and "make the condition reasonably safe."

Rule 277 of the Texas Rules of Civil Procedure mandates the submission of "such instructions and definitions as shall be proper to enable the jury to render a verdict." TEX. R.CIV.P. 277. The trial court has broad discretion in determining the proper definitions and instructions to submit to the jury. *Olivares v. State,* 693 S.W.2d 486, 492 (Tex. App.—San Antonio 1985, writ dism'd). The sufficiency of instructions are gauged by whether the jury is able to understand the instruction or definition as submitted. *Wolters v. Wright,* 649 S.W.2d 649, 651 (Tex. App.—Texarkana 1982, writ ref'd n.r.e.).

There are selected instances, as the City argues, when the word "or" could be read as "and" (e.g. The successful plaintiff must choose between recovering damages in tort *or* [and] damages in contract). A DICTIONARY OF MODERN LEGAL USAGE 394 (1987). However, the common understanding of the word "or" creates a choice between two or more alternatives. Quoting the City's brief,

2. The question submitted reads as follows:
   Did the negligence, if any, of the parties named below proximately cause the occurrence in question?
   With respect to the conditions of the premises, THE CITY OF SAN ANTONIO was negligent if—
   a. The condition posed an unreasonable risk of harm; and
   b. THE CITY OF SAN ANTONIO had actual knowledge of the danger; and
   c. CARLOS D. RODRIGUEZ did not have actual knowledge of the danger; and
   d. THE CITY OF SAN ANTONIO failed to adequately warn CARLOS D. RODRIGUEZ of the condition or make the condition reasonably safe.
   Answer "Yes" or "No" for each of the following:
   a. THE CITY OF SAN ANTONIO
   Answer: _____
   b. CARLOS D. RODRIGUEZ
   Answer: _____

3. The complained of definition reads as follows:
   "NEGLIGENCE" means the failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.
   The City's requested charge reads:
   Negligence, when used with respect to the conduct of the City of San Antonio as the owner of a premises, means failure to use ordinary care to reduce or eliminate unreasonable risk of harm created by a premises condition that the owner knows about.

"Webster's defines the conjunction 'or,' among other ways, 'as used in logic as a sentential connective that forms a complex sentence which is true when at least one of its constituent sentences is true.' WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 829 (1986)."

■ Reading the challenged instruction in its entirety, the context plainly instructs the jury that the City fulfilled its duty if it did one of two things; (1) warned Carlos D. Rodriguez, or (2) made the condition reasonably safe. The City stipulated they did not give adequate warnings. Hence, the only way the City could discharge its duty was to make the condition reasonably safe. Consequently, even if the instruction was unclear as submitted, which it is not, no error resulted because the jury was left with only one possibility. Point of error number five is overruled.

The City complains in point of error number six that the trial court erred in admitting the work order request signed by "A. Oelkers." Point of error number six urges three Rules of Evidence violations as reasons the admission into evidence of the work order was erroneous. Appellant argues that admission of the work order violated (1) Rule 407, which precludes evidence of subsequent remedial measures to show "negligence or culpability"; (2) Rule 802, which precludes inadmissible hearsay; and (3) Rule 403, which precludes evidence whose probative value (which the City contends is nonexistent in this instance) is substantially outweighed by the danger of unfair prejudice. TEX. R.CIV.EVID. 403, 407, 802.

"In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context." TEX.R.APP.P. 52(a); *see also Lemons v. EMW Mfg. Co.*, 747 S.W.2d 372, 373 (Tex.1988). On appeal, "[a] party is confined to the grounds of objections stated in the trial court." *Farm Servs., Inc. v. Gonzales*, 756 S.W.2d 747, 750 (Tex.App.—Corpus Christi 1988, writ denied).

The City's only objections at trial to the admission of the work order were that it was inadmissible hearsay and its introduction was improper because a proper predicate had not been shown. The City's failure to make timely objections to admission of the work order on other grounds constitutes waiver of those objections and they will not be considered.

■ The admission of evidence is largely within the discretion of the trial court. *Jordan v. Fourth Court of Appeals*, 701 S.W.2d 644, 649 (Tex.1985); *Ginsberg v. Fifth Court of Appeals*, 686 S.W.2d 105, 108 (Tex.1985). The admission or exclusion of evidence is reversible error only if there was error reasonably calculated to cause and probably did cause rendition of an improper judgment. *Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex.1989). "[R]eversible error is not ordinarily shown in evidentiary rulings unless the whole case turns on the particular evidence admitted or excluded." *Shenandoah Assoc. v. J & K Properties, Inc.*, 741 S.W.2d 470, 490 (Tex.App.—Dallas 1987, writ denied).

The trial court admitted the work order signed by Oelkers as a party admission. A party admission is not hearsay. TEX.R.CIV. EVID. 801(e)(2). An admission is defined as a statement made or an act done by a party to the suit which constitutes a prior acknowledgement that facts relevant to the issues are not as claimed at trial. *Hartford Accident & Indem. Co. v. McCardell*, 369 S.W.2d 331, 337 (Tex.1963). Rule 801(e)(2)(D) includes as non-hearsay statements made by an "agent or servant" regarding matters within the scope of their agency or employment during the existence of that relationship. TEX.R.CIV.EVID. 801(e)(2)(D).

■ The work order is not hearsay and is relevant to the City's prior knowledge of the leaky roof; its admission is within the discretion of the judge. However, our inquiry does not end just because the document is otherwise relevant and admissible. *Durkay v. Madco Oil Co.*, 862 S.W.2d 14, 24 (Tex. App.—Corpus Christi 1993, no writ) (unauthenticated document is inadmissible even if otherwise relevant and admissible). We

must determine if the document was properly authenticated.

Rule 901(a) of the Texas Rules of Civil Evidence states that the authentication requirement for admissibility is satisfied by evidence sufficient to show that the matter in question is what the proponent claims to be. TEX.R.CIV.EVID. 901(a). Rule 901(b)(2) identifies "[n]onexpert opinion as to the genuineness of handwriting, based upon familiarity, not acquired for purposes of the litigation" as one method sufficient to authenticate a writing. TEX.R.CIV.EVID. 901(b)(2).

Rodriguez presented evidence that the handwriting on the work order was that of Oelkers. Additionally, testimony shows that Oelkers was employed by the City in a supervisory capacity at Normoyle Recreation Center at the time the memo was written. The trial court did not abuse its discretion in admitting the work order. Point of error number six is overruled.

Last, the City complains that the trial court committed cumulative error by permitting improper jury argument. Unless the "error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause rendition of an improper verdict" the judgment cannot be reversed. TEX. R.APP.P. 81(b)(1).

■■■■ To obtain reversal of a judgment on the basis of improper jury argument, an appellant must prove the argument by its nature, degree, and extent constituted harmful error. *Standard Fire Ins. Co. v. Reese*, 584 S.W.2d 835, 839–40 (Tex.1979). The appellant must show the probability that appellee's final argument caused harm is greater than the probability that the verdict was grounded on proper proceedings and the evidence. *Rodriguez v. Universal Fastenings Corp.*, 777 S.W.2d 513, 519 (Tex.App.—Corpus Christi 1989, no writ). The appellate court must evaluate the improper jury argument in light of the whole case, beginning with voir dire and ending with closing argument. *Luna v. North Star Dodge Sales, Inc.*, 667 S.W.2d 115, 120 (Tex.1984).

■■■ Based on the facts of this case, jury argument which distinguishes the unrepaired roof of Normoyle Recreation Center from the speedy repair of the Alamodome roof, and analogizes the monetary considerations facing the City in failing to complete the Normoyle repairs to the economic decisions presented in the Ford Pinto case, is not of the nature, degree, and extent that constitutes harmful error. Reviewing the whole case, it does not appear that the City was deprived of a fair trial. Moreover, the City has not demonstrated that it is more likely the jury verdict resulted from improper jury argument, if any, than from proper proceedings and the evidence. Point of error number seven is overruled.

The judgment of the trial court is affirmed.