Lorraine M. MAÑON, Appellant

v.

Manuel E. SOLIS, Appellee.

No. 14–03–00463–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 25, 2004.

Rehearing En Banc Overruled Sept. 9, 2004.

Lorraine Margarita Mañon, for appellant.

Jacob Montilijo Monty, Carlos Leon, Houston, for appellee.

Panel consists of Chief Justice ADELE HEDGES and Justices FROST and GUZMAN.

## OPINION

ADELE HEDGES, Chief Justice.

Appellant Lorraine M. Mañon appeals from the trial court's January 23, 2003 order granting judgment to appellee Manuel E. Solis on all claims. This case arises from a dispute concerning the information appellee disclosed during his recruitment of appellant for an attorney position at his law firm. Appellant alleges that appellee made fraudulent and negligent misrepresentations during the course of pre-employment negotiations between the parties.[1] The trial court initially granted summary judgment in favor of appellee, but the Eleventh Court of Appeals reversed the trial court's judgment and remanded the case for trial.[2] On remand, a

---

1. Appellant also brought claims for breach of fiduciary duty and publication of private information, but neither was submitted to the jury.

2. See Mañon v. Solis, No. 11–00–00086–CV, 2000 WL 34234419 (Tex.App.-Eastland October 19, 2000, no pet.).

jury found appellant's allegations to be unfounded. This appeal followed.

### The Issues

Appellant raises seven issues in this appeal: (1) whether she has procedurally established her claims as a matter of law, (2) whether the evidence conclusively establishes her claims, (3) whether there is no evidence to support appellee's affirmative defenses, (4) whether the trial court erred in denying her motion for judgment notwithstanding the verdict, (5) whether the trial court erred in denying her motion for new trial, (6) whether the trial court erred in denying her motion to seal records, and (7) whether the trial court erred in failing to impose sanctions upon appellee. Because appellant's second and fourth issues implicate the same arguments and authorities, we address them together. We also discuss appellant's sixth and seventh issues together. We affirm.

### Procedural Establishment of Claims as a Matter of Law

■■■ In her first issue, appellant argues that she has procedurally established her claims as a matter of law. In connection with this issue, she raises a number of grounds upon which this assertion is based, including: (1) the trial court lacked jurisdiction/plenary power, (2) the law of the case doctrine, (3) waiver/election of remedies doctrine, (4) statutory bar (citing section 10.006 of the Texas Civil Practice and Remedies Code), and (5) judicial estoppel.[3] Appellant's basis for grounds (1) through (4) is that the trial court's initial finding that no genuine issue of material fact exists remains binding even after the Eleventh Court of Appeals reversed that finding. Consequently, she argues, appellee cannot now contest any facts before the trial court upon remand. We disagree. The general rule, of course, is that when an appellate court reverses and remands a case for further proceedings and the mandate is not limited by special instructions, the effect is to remand the case to the lower court for a new trial on all issues of fact, and the case is reopened in its entirety. *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex.1986). The opinion and mandate issued by the Eleventh Court of Appeals do not provide any special instructions to the trial court upon remand; therefore, the case was remanded for a new trial on all issues of fact, and the case was reopened in its entirety. Appellant's arguments concerning the trial court's lack of jurisdiction/plenary power, the law of the case doctrine, waiver/election of remedies, and statutory bar are thus without merit.

■■■ Moreover, the doctrine of judicial estoppel is inapplicable in this case as well. Judicial estoppel applies if all of the following elements are present: (1) a sworn, prior inconsistent statement was made in a judicial proceeding, (2) the party now sought to be estopped successfully maintained the prior position, (3) the prior inconsistent statement was not made inadvertently or because of mistake, fraud, or duress, and (4) the statement was deliberate, clear, and unequivocal. *Spera v. Fleming, Hovenkamp & Grayson, P.C.*, 25 S.W.3d 863, 871 (Tex.App.-Houston [14th Dist.] 2000, no pet.). While appellee's motion for summary judgment was initially granted by the trial court, the Eleventh Court of Appeals reversed that judgment; therefore, appellee did not successfully maintain his initial position. Because, at a minimum, the second element has not been

---

3. Appellant also raises claims concerning judicial admissions and conclusive trial admissions in connection with this issue, but we address these claims below under her second and fourth issues to facilitate our discussion.

satisfied, the doctrine of judicial estoppel does not apply. Accordingly, appellant's first issue is overruled.

### Conclusive Establishment of Claims and Judgment Notwithstanding the Verdict

■ In her second issue, appellant argues that her claims are conclusively established by the evidence. In her fourth issue, she argues that the trial court erred in denying her motion for judgment notwithstanding the verdict. A motion for judgment notwithstanding the verdict should be granted when the evidence is conclusive and one party is entitled to judgment as a matter of law. *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 227–28 (Tex.1990). Because these two issues raise essentially the same question (*i.e.*, whether appellant is entitled to judgment as a matter of law), we address them together here.

■ We review a denial of a motion for judgment notwithstanding the verdict under a legal sufficiency standard. *Navarette v. Temple Independent School Dist.*, 706 S.W.2d 308, 309 (Tex.1986). We view the evidence in the light most favorable to the trial court's findings, considering only the facts and inferences that support them. *Id.* If more than a scintilla of evidence exists supporting the trial court's findings, the motion for judgment notwithstanding the verdict was properly denied. *Culpepper*, 802 S.W.2d at 228. Evidence supporting a finding amounts to more than a scintilla if reasonable minds could arrive at the finding given the facts proved in a particular case. *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex.1995). Our review of the evidence below yields the conclusion that reasonable minds could arrive at the trial court's findings as to fraud, fraud by omission, negligent misrepresentation, and breach of fiduciary duty.[4]

■ To recover on an action for fraud, a party must prove: (1) a material representation was made, (2) the representation was false, (3) when the speaker made the representation, he knew it was false or made it recklessly without knowledge of the truth as a positive assertion, (4) the speaker made it with the intention that it should be acted upon by the party, (5) the party acted in reliance upon it, and (6) the party thereby suffered injury. *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 524 (Tex.1998). Fraud by omission or nondisclosure is simply a subcategory of fraud because the omission or non-disclosure may be as misleading as a positive misrepresentation of fact where a party has a duty to disclose. *Schlumberger Technology Corp. v. Swanson*, 959 S.W.2d 171, 181 (Tex.1997).

■ In this case, one could reasonably conclude based on the evidence that appellant has not satisfied the third element. Proof that a defendant made the statement knowing of its falsity or recklessly without knowledge of its truth may be proved by either direct or circumstantial evidence. *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 435 (Tex.1986). A wealth of circumstantial evidence presented at trial tends to support the conclusion that appellee had no knowledge of the alleged falsity of his representations and did not make such statements with reckless disregard for the truth. Testimony indicates that appellee routinely gave appellant Fridays off. When asked whether she wished to be compensated for the extra work she

4. The trial court did not submit appellant's claim for breach of fiduciary duty to the jury. Because the record is unclear as to whether the trial court refused to submit this claim or appellant voluntarily withdrew it, we consider it here.

performed on certain occasions, appellant responded in the negative and that she and appellee "broke even." Appellant was even paid for the week she was on sick leave despite the fact that, at the time, she had only worked at the firm for approximately one month. Appellee also agreed to provide appellant with a cell phone for her personal use.

Further, testimony supports the fact that appellant rarely, if ever, made her dissatisfaction with her working conditions (*i.e.*, her schedule, docket, secretarial and outside counsel arrangements, etc.) known to appellee, despite his "open door policy" and willingness to accommodate employees with family obligations. While appellant alleges that required attendance at "mandatory" meetings was not disclosed, testimony indicates that appellee was quite willing to accommodate those employees who were unable attend if they spoke to him about it beforehand. Shortly before resigning from the firm, appellant was extended an offer by appellee to remain employed with the firm for several months to allow her to locate new employment opportunities. Appellee even offered to assist appellant with the process of seeking unemployment compensation. The sum total of this circumstantial evidence tends to support the conclusion that appellee was genuinely concerned with appellant's welfare and working conditions, and certainly permits the trier of fact to question whether such an employer would either knowingly or recklessly mislead a friend and potential employee into accepting a position at the firm. Appellee's evidence is therefore inconsistent with appellant's allegation that appellee made misrepresentations with either knowledge or reckless disregard of the truth. We therefore find that appellant did not satisfy the burden of establishing her claims for fraud and fraud by omission as a matter of law.

To recover on an action for negligent misrepresentation, a party must prove: (1) a representation was made by the defendant in the course of business or in a transaction in which he has a pecuniary interest, (2) the defendant supplied false information for the guidance of others in their business, (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information, and (4) the plaintiff suffered pecuniary loss by justifiably relying on the defendant's representation. *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 706 n. 24 (Tex.2003). To facilitate our analysis of appellant's allegation concerning numerous instances of negligent misrepresentation, we consider those which relate to promises of future conduct first, followed by those which do not.

Appellant alleges that appellee negligently misrepresented the conditions under which she would be employed by appellee's firm. Specifically, she claims that appellee misrepresented facts relating to (1) her work schedule, (2) her ability to bring her young son to the classroom maintained for appellee's children at the office, (3) her responsibility for only waiver divorce cases, (4) her access to a full-time secretary, (5) her obligation to attend late-night meetings, and (6) her right to have her privacy maintained. However, the sort of false information contemplated in a negligent misrepresentation case is a misstatement of existing fact, not a promise of future conduct. *Allied Vista, Inc. v. Holt*, 987 S.W.2d 138, 141 (Tex.App.-Houston [14th Dist.] 1999, pet. denied). Because these allegations concern promises of future conduct, they cannot form the basis for a tenable negligent misrepresentation claim.

Appellant also alleges that appellee negligently misrepresented facts relating to (1) appellee's discharge of her

predecessor, John Needham, prior to appellee's negotiations with appellant, (2) appellee's statement that he was in the process of hiring additional attorneys, (3) appellee's statement that he does not advertise for family law cases, and (4) appellee's outside counsel arrangements. However, appellee has presented sufficient evidence in each instance to support the jury's finding against appellant on her negligent misrepresentation claim. First, even assuming the allegation that Needham was fired subsequent, rather than prior, to the time appellant accepted employment with appellee is true, it is difficult to understand how appellant could have justifiably relied on this misrepresentation to her detriment. If anything, the misrepresentation provided appellant with a more accurate picture of the workload she would be expected to assume. Second, appellee's statement that he was in the process of hiring additional attorneys is not proved false, as appellant suggests, by the mere facts that (1) she was told by appellee after accepting employment that he was not going to hire additional attorneys, and (2) appellee did not in fact hire any additional attorneys. Therefore, the evidence suggests that appellee did not provide false information regarding his recruitment of additional employees.

■ Similarly, as to appellant's third allegation relating to appellee's representation that he does not advertise for family law cases, appellant has failed to conclusively establish the falsity of that statement. By appellant's own admission, appellee presented evidence that his firm generated family law cases through advertising intended to generate immigration law cases. While appellant may question appellee's distinction between advertisements specifically appealing for family law clients and those that advertise for immigration law clients yet also have the effect of bringing in family law clients, this concern does not necessarily render appellee's distinction meaningless in the eyes of the trier of fact. Appellee's evidence thus suggests that he did not provide false information regarding advertisements for family law cases. Moreover, appellant does not establish, and indeed it is difficult to understand, how this representation induced justifiable reliance on her part. Appellant makes no effort to explain how or to what extent the firm's advertisements effected her decision to join the firm.

■ Appellant's fourth allegation relates to the firm's outside counsel arrangements for contested divorce cases. Appellant claims she was told that contested divorce cases were referred to outside counsel but, in fact, no such arrangement existed. Appellee testified, however, that Arturo Euresti, an experienced lawyer in contested divorce cases, was certainly available for consultation and referrals regarding such cases at the time appellee and appellant were engaged in pre-employment negotiations. Moreover, appellee specifically recalled referring one contested divorce case to Bill Morris. Appellant has thus failed to conclusively establish the falsity of appellee's representation relating to outside counsel arrangements. In sum, we find that appellant did not satisfy her burden of proving appellee's alleged negligent misrepresentations as a matter of law.

■ To recover on a claim for breach of fiduciary duty, a party must prove the existence of a fiduciary relationship. *Crim Truck & Tractor Co. v. Navistar International Transportation Corp.,* 823 S.W.2d 591, 594 (Tex.1992), *superseded by statute on other grounds as stated in Subaru of America, Inc. v. David McDavid Nissan, Inc.,* 84 S.W.3d 212 (Tex.2002). While an informal fiduciary duty may arise

from a purely personal relationship of trust and confidence, a fiduciary relationship is an extraordinary one and will not be created lightly. *Associated Indemnity Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 287–88 (Tex.1998). A confidential or fiduciary relationship may arise when the parties have dealt with each other in such a manner over a long period of time that one party is justified in expecting the other to act in its best interest. *Insurance Co. of North America v. Morris*, 981 S.W.2d 667, 674 (Tex.1998). However, mere subjective trust, without more, does not indicate that the person places confidence in another in the sense demanded by a fiduciary relationship, especially in the context of arm's length dealing. *See Swanson*, 959 S.W.2d at 177; *Hoggett v. Brown*, 971 S.W.2d 472, 488 (Tex.App.-Houston [14th Dist.] 1997, pet. denied).

The evidence presented at trial fails to conclusively establish the existence of a fiduciary relationship between appellant and appellee at the time the parties were engaged in negotiations. According to the testimony, appellant and appellee met during law school and maintained what can best be considered a casual friendship. They visited socially on several occasions during law school and prior to entering the legal profession. After establishing separate career paths, the parties did not exchange a single phone call over a period of two to three years. At some point, they reconnected and resumed their friendship, but little evidence was presented concerning the nature and extent of the relationship from that point until the employment negotiations began. Thus, while appellant may subjectively believe that the parties shared "absolute trust" in each other due to their friendship, appellant failed to sat-

isfy her burden to establish the existence of a fiduciary relationship between the parties as a matter of law.

Because appellant failed to establish her entitlement to judgment as a matter of law on her claims for fraud, fraud by omission, negligent misrepresentation, and breach of fiduciary duty, the trial court did not err in denying her motion for judgment notwithstanding the verdict. Accordingly, appellant's second and fourth issues are overruled.

*Motion for New Trial*

■ In her fifth issue, appellant argues that the trial court erred in denying her motion for new trial. She raises several grounds in support of this claim, including: (1) the jury's findings are against the great weight and preponderance of the evidence and are manifestly unjust, (2) there are overwhelming instances of improper jury argument made by appellee, and (3) the trial court erred in making numerous discovery and evidentiary rulings.[5] We review the trial court's denial of her motion for new trial for abuse of discretion. *See Director, State Employees Workers' Compensation Division v. Evans*, 889 S.W.2d 266, 268 (Tex.1994).

■ First, appellant argues that the findings are against the great weight and preponderance of the evidence and are manifestly unjust. As the basis for this argument, she cites no legal authority and merely incorporates by reference the first 41 pages of her brief—most of which have little, if anything, to do with a factual sufficiency review of the evidence. An issue not supported by legal authority is waived. *Fredonia State Bank v. General American Life Insurance Co.*, 881 S.W.2d

5. Appellant also raises a claim concerning the sufficiency of the evidence supporting appellee's affirmative defenses in connection with this issue, but we address this claim below under her third issue to facilitate our discussion.

279, 284 (Tex.1994). Moreover, an appellate court has no duty to search a voluminous record without sufficient guidance from an appellant to determine whether an assertion of reversible error is valid. *Nguyen v. Kosnoski,* 93 S.W.3d 186, 188 (Tex.App.-Houston [14th Dist.] 2002, no pet.). Appellant has waived this issue because it has been inadequately briefed. *See* TEX.R.APP. P. 38.1(h). Even assuming she did not waive this issue, however, appellant's claim still fails. We hold that the evidence is factually sufficient to support the jury's findings because appellant's evidence, as detailed in our discussion of appellant's second and fourth issues, is neither so weak as to undermine confidence in the jury's verdict nor so greatly outweighed by appellant's evidence. *See Maritime Overseas Corp. v. Ellis,* 971 S.W.2d 402, 407 (Tex.1998), *cert. denied,* 525 U.S. 1017, 119 S.Ct. 541, 142 L.Ed.2d 450 (1998).

 Second, appellant argues that there are overwhelming instances of improper jury argument made by appellee. She identifies numerous statements in which appellee advanced "unfounded accusations of perjury/lies" or "attack[ed] the claims and the process." However, appellant concedes that many of the statements she identifies occurred during either voir dire or witness examination; her contentions relating to those particular statements are therefore waived because they do not constitute claims relating to improper jury argument. *See* TEX.R.APP. P. 38.1(h). The remainder of the statements we consider below.

 Appellant did not object at trial during appellee's closing argument to the jury. It is only when the probable harm or the resulting prejudice cannot be eliminated or cured by retraction or instruction that a new trial will be awarded in the absence of timely objection. *Texas Employers' Ins. Ass'n v. Haywood,* 153 Tex. 242, 266 S.W.2d 856, 858 (1954). Assuming, as appellant argues, that the instances she identifies constitute (either standing individually or cumulatively) incurable harm, we must determine whether the jury argument, by its nature, degree, and extent, constitutes reversibly harmful error. *Standard Fire Ins. Co. v. Reese,* 584 S.W.2d 835, 839 (Tex.1979).[6]

---

**6.** We note that some of our sister courts have equated *incurable harm* with *reversible harm. See, e.g., Lyondell Petrochemical Co. v. Kirkland,* No. 01–98–01128–CV, 1999 WL 1208506 at *5, (Tex.App.-Houston [1st Dist.] 1999, pet. denied); *Amelia's Automotive, Inc. v. Rodriguez,* 921 S.W.2d 767, 773 (Tex.App.-San Antonio 1996, no pet.); *Texas Employers' Ins. Ass'n v. Guerrero,* 800 S.W.2d 859, 863–67 (Tex.App.-San Antonio 1990, writ denied). The genesis of this equation appears to have been in *Guerrero,* which cites *Reese* as controlling authority (and rightly so). *See* 800 S.W.2d at 863–64. It is clear, however, that the equation of *incurable harm* with *reversible harm* has been foreclosed by the very case *Guerrero* cites. In *Reese,* the Supreme Court of Texas stated:

In the case of improper jury argument, the complainant must prove a number of things. He has to prove (1) an error (2) that was not invited or provoked, (3) that was preserved by the proper trial predicate, such as an objection, a motion to instruct, or a motion for mistrial, and (4) was not curable by an instruction, a prompt withdrawal of the statement, or a reprimand by the judge. There are only rare instances of incurable harm from improper argument. *The complainant has the further burden to prove (5) that the argument by its nature, degree and extent constituted reversibly harmful error.... All of the evidence must be closely examined to determine (6) the argument's probable effect on a material finding. (7) Importantly, a reversal must come from an evaluation of the whole case.... ... From all of these factors, the complainant must show that the probability that the improper argument caused harm is greater than the probability that the verdict was grounded on the proper proceedings and evidence.*

While appellant's allegation of improper jury argument contains statements too numerous to detail here, the comments made by appellee essentially attack either her unemployment claim or her arguable unwillingness or inability to find suitable employment after her resignation from appellee's firm. Further, appellee's jury argument can be fairly read to charge appellant with bringing an abusive lawsuit against him. Under *Reese*, we must consider the argument's probable effect on a material finding. *See* 584 S.W.2d at 840. The statements relating to appellant's unemployment claim and her unwillingness or inability to find suitable employment are relevant only to appellant's damages issue and therefore have no effect on a material finding made by the jury because it did not reach the issue of damages. Further, we cannot say that the single statement charging appellant with bringing an abusive lawsuit, though undoubtedly prejudicial and inflammatory, would have persuaded a juror of ordinary intelligence to reach a verdict contrary to that which he would have reached but for the argument. *See Gannett Outdoor Co. of Texas v. Kubeczka*, 710 S.W.2d 79, 86–87 (Tex. App.-Houston [14th Dist.] 1986, no pet.). Moreover, we find that the probability of prejudice flowing from the cumulative effect of the alleged instances of improper jury argument does not outweigh the probability that the jury verdict was grounded on the proceedings and factually sufficient evidence. Appellant's claim of improper jury argument is without merit.

Third, appellant argues that several discovery and evidentiary rulings made by the trial court require a new trial. Appellant raises three claims in connection with this issue by arguing that the trial court erred: (1) in refusing to order the production of certain documents during discovery, (2) in excluding her own testimony concerning "anything construed as a legal opinion," and (3) in excluding testimony concerning appellee's business practices and/or reputation. She argues that these errors probably caused the rendition of an improper judgment. We review these rulings for abuse of discretion and address these claims below in that order. *See Dillard Department Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex.1995) (discovery rulings); *Texas Department of Transportation v. Able*, 35 S.W.3d 608, 617 (Tex.2000) (evidentiary rulings).

First, appellant claims that the trial court erred in refusing to order the production of documents pertaining to her docket, attorney turnover, commencement of Saturday immigration hearings, and other requested items. She fails, however, to identify precisely the documents to which she is referring and to cite any legal authority in support of her argument. Appellant's claim of discovery error is therefore waived. *See* TEX.R.APP. P. 38.1(h); *Fredonia State Bank*, 881 S.W.2d at 284; *Nguyen*, 93 S.W.3d at 188.

Second, appellant claims that the trial court erred in excluding her own testimony concerning "anything construed as a legal opinion." She argues that she was entitled to testify about the legal basis for her damages claim. The jury, however, did not reach the issue of damages in reaching its verdict. Therefore, any error did not result in the rendition of an improper judgment. *See* TEX.R.APP. P.

584 S.W.2d at 839–40 (emphasis added). In other words, *incurable harm* does not necessarily equate with *reversible harm*, and an appellate court must engage in a harm analysis as detailed above in *Reese* to determine whether the harm is sufficient as to require reversal.

44.1(a)(1). Appellant's second claim is without merit.

 Third, appellant claims that the trial court erred in excluding her own testimony as well as that of John Needham regarding appellee's business practices and/or reputation. She asserts that such testimony was intended to impeach appellee's testimony and to address the issue relating to appellant's concern for her license due to appellee's unethical practices. Appellant fails to explain, however, how the excluded testimony is controlling on a material issue in the case and would not have been cumulative of other admitted evidence. *See Able,* 35 S.W.3d at 617. Moreover, based upon our own review of the case, we cannot conclude that the exclusion of such testimony probably caused the rendition of an improper judgment. *See* TEX.R.APP. P. 44.1(a)(1). Appellant's third claim is without merit.

We therefore find that the trial court did not abuse its discretion in denying appellant's motion for new trial. Accordingly, her fifth issue is overruled.

### No Evidence to Support Affirmative Defenses

In her third issue, appellant argues that there is no evidence to support appellee's affirmative defenses. Because the jury's verdict that appellee was not liable to appellant on any of her claims is based upon factually sufficient evidence, however, we do not reach this issue. Accordingly, appellant's third issue is overruled.

### Sealing of Records and Sanctions

 In her sixth issue, appellant argues that the trial court erred in denying her motion to seal records containing sensitive personal information. In her seventh issue, appellant argues that the trial court erred in failing to impose sanctions upon appellee. Appellant, however, does not appeal the decisions rendered by the trial court with respect to these issues; she merely resubmits by incorporation the respective motions presented to the trial court for our consideration. Appellant therefore presents nothing for review concerning these issues. *See* TEX.R.APP. P. 38.1(e), (h). Moreover, appellant has failed to adequately brief, and has therefore waived, her sixth and seventh issues because she cites no legal authority in support of her arguments. *See* TEX.R.APP. P. 38.1(h); *Fredonia State Bank,* 881 S.W.2d at 284; *Nguyen,* 93 S.W.3d at 188. Accordingly, appellant's sixth and seventh issues are overruled.

### Conclusion

The judgment of the trial court is affirmed.