NO. 07-07-0321-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 30, 2009

______________________________


BURNETT RANCHES, LTD., et al. and
TEXAS CHRISTIAN UNIVERSITY,
 
Appellants

v.

CANO PETROLEUM, INC., et al.,

                                                                                                 Appellees
_________________________________

FROM THE 100th DISTRICT COURT OF CARSON COUNTY;

NO. 9840; HON. DAVID M. MCCOY, PRESIDING

_______________________________

On Motion for Rehearing
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Pending before this court is the motion for rehearing filed by Burnett Ranches, Ltd., 
and Texas Christian University (Burnett). Through it, they assert two allegations. The first
involves whether they addressed the summary judgment ground wherein Cano Petroleum,
Inc., asserted that since the purported contractual breach was non-remedial, it could not
provide basis to terminate the lease. The second encompasses whether they addressed
each objection upon which the trial court could have excluded their summary judgment
evidence. We overrule the motion for the following reasons.
          Regarding the evidentiary matter, we note that the cause has been remanded to the
trial court for further proceedings. Given that the judge who granted the summary
judgment no longer presides over the 100th Judicial District of Texas, his successor will
have the opportunity to address the matters anew. Manon v. Solis, 142 S.W.3d 380, 386
(Tex. App.–Houston [14th Dist.] 2004, pet. denied). Thus, we need not deal with them.
          Regarding the contractual matter, the summary judgment ground we alluded to can 
be read as not implicating Burnett’s purported requirement to provide Cano notice and an
opportunity to cure before terminating the lease. To reiterate, the lease provision invoked
by Burnett to end the contract stated that:
It is further agreed that failure on part of [the lessee] . . . strictly to keep and 
observe the terms, covenants, conditions, and requirements, or any one of 
them, on its part to be kept, shall entitle party of the first part or his assigns 
at his option, at the time of such breach, or at any time thereafter, to
terminate this contract and re-enter upon said premises without notice of any
kind. Provided, however, that before advantage is taken of any such breach
that notice thereof shall be served on party of second part or its agent in
charge and reasonable time allowed within which to correct the conditions of 
          which complaint is made.




To defeat Burnett’s effort to terminate, Cano asserted numerous grounds in its motion for
summary judgment. Through one, it stated that a “one-time event, such as a fire, is not a
remediable event and does not support termination under the terms of the lease.” Rather,
[s]uch event would support, if anything a claim for damages.” We interpret this as Cano
arguing that irrespective of whether notice and opportunity to cure was afforded, the right
to terminate due to a breach does not encompass circumstances like those at bar. Implicit
in that argument is the proposition that the clause allegedly applies only to defaults which
are susceptible to being cured. If they are not of that ilk, then termination is unavailable,
or so the argument would go. And, that particular argument was not addressed by Burnett
in its appellate brief. 
          Consequently, we overrule the motion for rehearing.
 
                                                                           Brian Quinn
                                                                          Chief Justice 


Campbell, J., concurs.