**DALLAS COUNTY, Appellant,**

v.

**Rodney WADLEY and Gilbert Strickland, Appellees.**

No. 05–04–00207–CV.

Court of Appeals of Texas, Dallas.

Aug. 1, 2005.

Jana Marie Prigmore, District Attorney's Office-Civil Div., Dallas, for Appellant.

Terry Carnes, Law Offices of Terry Carnes, Dallas, for Appellee.

Before Justices MORRIS, LANG, and MAZZANT.

## OPINION

Opinion by Justice MAZZANT.

In this case, we must decide whether an overloaded elevator in a Dallas County jail constitutes a premises defect waiving Dallas County's immunity from suit. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.021(2), .022(a) (Vernon 2005). The trial court denied the County's plea to the jurisdiction, and the County brings this interlocutory appeal. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2004–05). The County brings five issues asserting the trial court erred in denying (1–3) the County's plea to the jurisdiction that asserted the County is immune from suit in this case, (4) the County's first amended motion to dismiss the suit, and (5) the County's no-evidence motion for summary judgment. We dismiss the appeal of the denial of the County's first amended motion to dismiss the suit and the denial of the County's no-evidence motion for summary judgment, and we affirm the denial of the County's plea to the jurisdiction.

## FACTUAL BACKGROUND

On June 13, 2000, appellees were inmates in Decker Detention Center, one of the County's jails. A guard put them and fifteen other inmates in an elevator car to move them from the fifth floor to the third floor to use the jail's recreational facilities. Including the guard, the car contained eighteen men. The elevator had maximum weight capacity of 3000 pounds. Instead of stopping at the third floor, the car fell to the basement, and it took a couple of hours to extricate the men from the elevator car. Appellees alleged they suffered physical injuries in the incident.

Appellees sued the County. Their allegations included that the County's employees ordered them to ride in an overloaded elevator, failed to warn them that the elevator was overloaded, failed to properly maintain the elevators, and failed to inspect the elevators to determine the load capacity. Included in appellees' allegations was the following: "In addition, the condition of the elevators created an unreasonable risk of harm to the Plaintiff[s], and the Defendant knew of the condition or should have known of the condition. Further pleading, the Plaintiff[s] at all times [were] unaware of the dangerous condition."

## APPELLATE JURISDICTION OVER INTERLOCUTORY APPEAL

Before considering the merits of the appeal, we first determine the extent of our jurisdiction over the rulings the County appeals. Appellate courts have jurisdiction to consider appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). We strictly construe statutes giving us jurisdiction over interlocutory appeals. *Potter County Attorney's Office v. Stars & Stripes Sweepstakes, L.L.C.*, 121 S.W.3d 460, 464 (Tex.App.-Amarillo 2003, no pet.); *Am. Online, Inc. v. Williams*, 958 S.W.2d 268, 271 (Tex.App.-Houston [14th Dist.] 1997, no writ).

Section 51.014 of the civil practice and remedies code provides, "A person may appeal from an interlocutory order of a district court, county court at law, or county court that: ... (8) grants or denies a

plea to the jurisdiction by a governmental unit. . . ." TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8). Clearly, we have jurisdiction over the denial of the County's plea to the jurisdiction. The County asserts we also have jurisdiction under section 51.014(a)(8) to review the denial of its no-evidence summary judgment motion and its first amended motion to dismiss. The County argues we should look beyond the style of the documents to their substance in determining whether they are pleas to the jurisdiction. Having reviewed the substance of those documents, we conclude they are not pleas to the jurisdiction. Although they contain some of the same arguments that appellees' premises liability claim lacks merit, they contain no assertions or arguments that the trial court lacked subject matter jurisdiction over the cause. *Freeman v. Wirecut E.D.M., Inc.,* 159 S.W.3d 721, 725 (Tex.App.-Dallas 2005, no pet.) (describing plea to jurisdiction as challenge to trial court's authority to determine subject matter of suit). Accordingly, we conclude we lack jurisdiction to reach the County's issues concerning these rulings. We dismiss the County's fourth and fifth issues for want of jurisdiction.

### SOVEREIGN IMMUNITY

■ In Texas, sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits against the State or other governmental units unless the State consents to suit. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 224 (Tex.2004). The Texas Tort Claims Act provides a limited waiver of sovereign immunity, including immunity to suit. *Id.; see* TEX. CIV. PRAC. & REM.CODE ANN. § 101.025(a) (Vernon 2005) ("Sovereign immunity to suit is waived and abolished to the extent of liability created by this chapter."). Thus, the County is immune from suit unless the Tort Claims Act expressly waives immunity. The Tort Claims Act expressly waives sovereign immunity in three areas: property damage and personal injury caused by the use of publicly owned automobiles (section 101.021(1)), personal injury caused by a condition or use of tangible personal or real property (section 101.021(2)), and claims arising out of premises defects (section 101.022). *Miranda,* 133 S.W.3d at 225. "If a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises." TEX. CIV. PRAC. & REM.CODE ANN. § 101.022(a) (Vernon 2005).[1]

### PLEA TO THE JURISDICTION

■ In its first issue, the County generally asserts the trial court erred in denying its plea to the jurisdiction. Whether a court has subject matter jurisdiction is a question of law. *Miranda,* 133 S.W.3d at 226; *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002). When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. *Miranda,* 133 S.W.3d at 227. If the evidence creates a fact question regarding the jurisdictional issue, then the plea to the jurisdiction must be denied.

---

1. Paragraph (b) of section 101.022 provides that the limitation does not apply to the duty to warn of special defects. TEX. CIV. PRAC. & REM.CODE ANN. § 101.022(b) (Vernon 2005).

Appellees did not plead or argue that the overloaded elevator constituted a special defect.

*Id.* at 227–28. If the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, then the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228. This procedure generally mirrors that of a summary judgment under rule of civil procedure 166a(c), and the burden is on the government to meet the summary judgment standard of proof. *Id.* This standard "protect[s] the plaintiffs from having to 'put on their case simply to establish jurisdiction.'" *Id.* (quoting *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000)).

The parties agree that a problem with an elevator could constitute a premises defect. *See Univ. of Tex. Medical Branch v. Davidson,* 882 S.W.2d 83, 86 (Tex.App.-Houston [14th Dist.] 1994, no writ) (citing *Triangle Motors v. Richmond,* 152 Tex. 354, 258 S.W.2d 60 (1953)). As such, the duty the County owed appellees was that of a landowner to licensees. Tex. Civ. Prac. & Rem.Code Ann. § 101.022(a).

> It is well settled in this State that if the person injured was on the premises as a licensee, the duty that the proprietor or licensor owed him was not to injure him by willful, wanton or gross negligence.... An exception to the general rule is that when the licensor has knowledge of a dangerous condition, and the licensee does not, a duty is owed on the part of the licensor to either warn the licensee or to make the condition reasonably safe.

*Wal–Mart Stores, Inc. v. Miller,* 102 S.W.3d 706, 709 (Tex.2003) (quoting *State v. Tennison,* 509 S.W.2d 560, 562 (Tex. 1974)).

Appellees alleged the elevator "had a maximum weight capacity of 3,000 pounds," "[t]he elevator was severely overloaded," "suddenly and without warning the elevator fell at least four stories to the basement level where it crashed," and appellees suffered severe back injuries proximately caused by the County's acts and omissions. Appellees also alleged "the condition of the elevators created an unreasonable risk of harm" to appellees, "the [County] knew of the condition," and appellees "at all times [were] unaware of the dangerous condition."

In the second issue, the County asserts the trial court erred in denying the plea to the jurisdiction because an overloaded elevator is not "a dangerous condition" that invokes the County's duty to appellees as licensees. In support of this argument the County relies on two cases: *City of San Antonio v. Rodriguez,* 934 S.W.2d 699 (Tex.App.-San Antonio 1995) (*Rodriguez I*), rev'd per curiam 931 S.W.2d 535 (Tex. 1996) (*Rodriguez II*), and *Entex v. Gonzalez,* 94 S.W.3d 1 (Tex.App.-Houston [14th Dist.] 2002, pet. denied). In *Rodriguez,* a community recreation center had a leaking roof, and water accumulated on the gym floor. Rodriguez was playing basketball in the gym when he slipped in a puddle, injuring his knee. *Rodriguez I,* 934 S.W.2d at 701–02. The court of appeals ruled the jurors could reasonably conclude that the leaking roof was a dangerous condition. *Rodriguez I,* 934 S.W.2d at 702. The supreme court, however, did not agree. "The leaky roof was not itself a dangerous condition; it could only cause a dangerous condition. The City ... was required only to prevent the water that leaked through the roof from causing a dangerous condition." *Rodriguez II,* 931 S.W.2d at 536. Because the case was reversed and remanded for new trial due to other jury charge error, the supreme court stated, "On retrial, the jury should be instructed that the allegedly dangerous condition was the water Rodriguez claims was on the floor." *Id.* at 536–37. In *Entex,* the Gonzalez family had a gas-fired water heater that was not elevated off the floor

of the utility room. The Gonzalezes stored gasoline in the utility room. One day, the pilot light of the water heater ignited gasoline fumes, started a fire, and injured the four-year-old daughter. The Gonzalezes sued the gas utility, Entex. *Entex*, 94 S.W.3d at 4. The court of appeals stated there was "no evidence that an unelevated water heater is itself a dangerous condition, but only that a dangerous condition can be created if flammables are placed near it." *Id.* at 7 n. 10.

After setting out the facts and holdings of these cases, the County forgoes further analysis and concludes without explanation, "Thus, an allegedly overloaded elevator is not itself a dangerous condition. It can merely cause a dangerous condition." We disagree. Like the puddle on the floor of a gymnasium used for basketball with the obvious risk of a participant slipping and thus injuring himself, or the presence of flammable vapors around a flame with the obvious risk of a fire or explosion, an elevator so severely overloaded that it crashes into the basement is, obviously, a "dangerous condition."

The County also argues the overloaded elevator cannot constitute a premises defect because the elevator was not defective, and the court of appeals in *Davidson* stated, "the alleged defect in the elevator was a premises defect." *Davidson*, 882 S.W.2d at 86. The County asserts no court has held a nondefective or overloaded elevator can constitute a premises defect. The issue, however, is not whether the elevator was defective, but whether the circumstances constituted a dangerous condition. In *Rodriguez*, the floor was not defective, yet it was a dangerous condition constituting a premises defect because of a circumstance, the presence of water, that made it a dangerous condition. Likewise, in this case, even if the elevator is not defective, the circumstance of overloading the eleva-

tor allegedly created a dangerous condition. We overrule the County's second issue.

We conclude appellees' petition pleaded a cause of action for premises liability sufficient to invoke the waiver of the County's immunity from suit under section 101.022 of the Texas Tort Claims Act. We next consider the County's challenge to the existence of a jurisdictional fact.

In its third issue, the County argues it proved it did not have actual knowledge of the dangerous condition. In support of its plea to the jurisdiction, the County submitted the maintenance records for the County's elevators. The County asserts the records show the County had no knowledge that elevator number 3 in Decker Detention Center was malfunctioning or that it could drop during transit with a guard and inmates inside. Inherent in this argument is the presumption that the records would show if the elevator had previously dropped during transit with a guard and inmates inside. *See* TEX.R. EVID. 803(7) (evidence of absence of entry in record to prove nonoccurence of matter if matter would have been recorded). However, that presumption was rebutted by the fact that the records do not show the elevator dropped during transit on June 13, 2000. The records contain no entry for that date. The maintenance log for the next day, June 14, 2000, records only this complaint about Decker Detention Center's elevator number 3: "elev. stuck in bsmt." The County does not deny knowledge of the elevator falling to the basement, yet its maintenance logs would not have put it on notice of the June 13 occurrence. Accordingly, we conclude the maintenance logs do not conclusively establish the County's lack of knowledge of the potential for the elevator to drop when "severely overloaded."

The County also argues appellees presented no evidence the County had actual knowledge of the dangerous condition. Appellees, however, had no burden to present evidence of the County's knowledge until the County had established its lack of knowledge. *See Miranda*, 133 S.W.3d at 228. As discussed above, the County failed to meet this burden. We overrule the County's third issue.

We conclude the trial court did not err in denying the County's plea to the jurisdiction, and we overrule the County's first issue.

We affirm the trial court's denial of the County's plea to the jurisdiction.