Opinion issued October 22, 2009














 
 





In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-09-00393-CV
____________

CITY OF HOUSTON, Appellant

V.

HS TEJAS, LTD., Appellee




On Appeal from the County Civil Court of Law No. Two
Harris County, Texas
Trial Court Cause No. 926497



 
O P I N I O N

          
HS Tejas, Ltd. filed suit against the City of Houston, claiming that a 2006 amendment
to the City’s Code of Ordinances regulating development in floodways was an
unconstitutional taking of its property, which is located in the floodway. The
ordinance at issue was amended again in 2008, prior to the original filing of this
litigation, and HS Tejas does not complain of any injury after the effective date of the
2008 amendment. The City filed a plea to the jurisdiction asserting, among other
things, that HS Tejas’s claim was not ripe and that the trial court lacked jurisdiction
to hear the case. The trial court denied the City’s plea to the jurisdiction, and this
interlocutory appeal followed.


 
          Because HS Tejas has failed to allege a concrete injury as is necessary to
establish subject-matter jurisdiction in this case, we reverse the trial court’s order
denying the plea to the jurisdiction, and remand the cause for further proceedings.
BackgroundHS Tejas purchased four vacant tracts of land in Houston, Texas for the
purpose of subdividing them into platted subdivisions. The company alleges that it
intended to sell parcels to purchasers as residential or commercial building lots, or to
build residences or commercial buildings on the subdivisions. HS Tejas acquired the
first of the four pieces of property at issue in this dispute in 1995. The other three
tracts were purchased by HS Tejas in 2003.
          HS Tejas alleges that prior to October 1, 2006, the City of Houston’s Code of
Ordinances (“Code”) restricted development within the City’s floodway but allowed
the City Engineer to issue permits notwithstanding those restrictions. After Tropical
Storm Allison, the Federal Emergency Management Agency undertook a study of the
impact of the storm on some of the bayous and drainage channels in the City of
Houston. As a result of this study, maps known as Flood Insurance Rate Maps
(“FIRMs”) were prepared in 2006 and formally adopted on June 18, 2007. Before the
creation of the FIRMs, the HS Tejas properties at issue were not located not in a
floodway. The FIRMs, however, for the first time, placed HS Tejas’s property in a
floodway. 
          Effective October 1, 2006, the City amended the Code to further restrict
development in the floodway. Houston, Tex., Ordinance 2006-894 (Aug. 30, 2006). 
Under the 2006 amendment, Code section 19-43(a)(2) prohibited the issuance of a
permit for “development to be located in any floodway . . . if that development
provides for . . . [n]ew construction, additions to existing structures, or substantial
improvement of any structure within the floodway . . . .” Id. § 26 (former Code § 19-43). Code section 19-43(d) allowed the city engineer to issue a permit, even if a
permit application was denied under section 19-43(a)(2), so long as the general
appeals board found and determined in writing that the improvement was
insubstantial and would not increase flood levels during occurrence of the base flood
or impede the flow of floodwaters. Id.
          Code section 19-20, as amended in 2006, provided in relevant part that
“[v]ariances shall not be granted for development within any floodway if the
development cannot meet the requirements of section 19-43(b) of this Code.” Id. §
18 (former Code § 19-20). Code section 19-43(b) permitted building in a floodway
only if “necessary to protect the health, safety and welfare of the general public.” Id.
          On July 23, 2008, the Code was again amended to allow the City Engineer
greater discretion in issuing permits for the development of vacant land within the
floodways, if certain criteria are met.


 See Houston, Tex. Code of Ordinances
Houston, Tex., Ordinance 2008-658, § 10 (July 23, 2008) (codified at Houston, Tex.
Code of Ordinances § 19-43 (2009)). The July 23, 2008 ordinance amendments
became effective September 1, 2008. Id. § 14.
          HS Tejas sued the City on September 30, 2008, alleging that after FEMA
approved the new FIRMs, its property was within a newly delineated floodway. HS
Tejas contends that, in light of that designation, the City’s 2006 amendments to
section 19-43(a) of the Code prohibited the issuance of building permits to HS Tejas
for “new construction, additions to existing structures or substantial improvement of
any structure” on its property. In addition, HS Tejas contends that the Code, as it
applied until September 1, 2008, prohibited the City Engineer from issuing any
building permits for such construction. HS Tejas alleges that during that period of
time, the City’s ordinance deprived it of the use, benefit, and enjoyment of its
property, amounting to a taking without just compensation. 
          The City’s answer alleges that HS Tejas failed to exhaust the administrative
remedies allowed by the Code. The City provided an affidavit from the City Engineer
attesting that HS Tejas had not yet applied for a development permit for its property,
that no such permit had been yet denied to it, and that no appeal had been taken from
such a denial. The City also filed a plea to the jurisdiction contending that, although
HS Tejas alleged that it acquired the property for the purpose of developing it and
selling it, HS Tejas did not allege any specific improvement or sale that was impacted
by the 2006 amendment. The City further alleged that, because HS Tejas had not
filed an application for a permit, nor had it yet appealed such a denial as allowed by
the Code, its claims had never ripened and the trial court lacked jurisdiction to
consider its petition. Finally, the City alleged that the 2008 amendment mooted HS
Tejas’s claims as to the 2006 ordinance because the 2008 amendment significantly
loosened the previous ordinance’s restrictions on development in the floodway.
          In its response, HS Tejas did not dispute the fact that it did not apply to the City
for building or development permits before it filed suit. However, HS Tejas claimed
that, under the plain language of the 2006 ordinance, its intended use for the property
was expressly forbidden and the Code allowed no discretion or variances under such
circumstances. Therefore, HS Tejas argued, its application for a permit would have
been futile. Furthermore, HS Tejas alleged that the enactment of the 2008
amendment was irrelevant because it had already sustained damages under the prior
ordinance. After a hearing, the trial court denied the City’s plea to the jurisdiction,
and this interlocutory appeal followed.
Standard of ReviewIn its sole issue, the City challenges the trial court’s decision to deny its plea
to the jurisdiction. We review the trial court’s ruling on a plea to the jurisdiction
under a de novo standard. See Tex. Dep’t of Parks & Wildlife v. Miranda, 133
S.W.3d 217, 226 (Tex. 2004). If the plea challenges the sufficiency of the claimant’s
pleadings, the trial court must construe the pleadings liberally in the claimant’s favor
and deny the plea if the claimant has alleged facts affirmatively demonstrating
jurisdiction to hear the case. If the pleadings are insufficient, the court should afford
an opportunity to replead if the defects are potentially curable but may dismiss if the
pleadings affirmatively negate the existence of jurisdiction. Id. at 226–27.
          If the plea to the jurisdiction challenges the existence of jurisdictional facts, the
trial court must consider relevant evidence submitted by the parties. Id. at 227. If the
evidence creates a fact question regarding jurisdiction, then the trial court cannot
grant the plea to the jurisdiction, and the fact issue will be resolved by the fact-finder. 
But if the relevant evidence is undisputed or fails to raise a fact question on the
jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of
law. Id. at 227–28. In reviewing the evidence presented in support of the plea to the
jurisdiction, we take as true all evidence favorable to the nonmovant. Id. at 228. We
indulge every reasonable inference and resolve any doubts in the nonmovant’s favor. 
Id. “[T]his standard generally mirrors that of a summary judgment under Texas Rule
of Civil Procedure 166a(c) . . . . By requiring the [political subdivision] to meet the
summary judgment standard of proof in cases like this one, we protect the plaintiffs
from having to put on their case simply to establish jurisdiction.” Id. (internal
quotations and citation omitted); accord Dallas County v. Wadley, 168 S.W.3d 373,
377 (Tex. App.—Dallas 2005, pet. denied) (“[On a plea to the jurisdiction,] the
burden is on the government to meet the summary judgment standard of proof.”).
          We remain mindful of the Texas Supreme Court’s admonishment that, although
the plaintiff’s claims may form the context against which the jurisdictional plea is
determined, the plea generally “should be decided without delving into the merits of
the case.” Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). In
general, “the proper function of a dilatory plea does not authorize an inquiry so far
into the substance of the claims presented that plaintiffs are required to put on their
case simply to establish jurisdiction.” Id. at 554. 
Analysis
          The Texas Constitution provides that no “person’s property shall be taken,
damaged or destroyed for or applied to public use without adequate compensation
being made.” Tex. Const. art. I, § 17; Sheffield Dev. Co., Inc. v. City of Glenn
Heights, 140 S.W.3d 660, 669 (Tex. 2004). Similarly, the Just Compensation Clause
of the Fifth Amendment provides that “private property” shall not “be taken for
public use without just compensation.” U.S. Const. amend. V. The Just
Compensation Clause has been construed to apply to the states by operation of the
Fourteenth Amendment. Mayhew, 964 S.W.2d at 933.
          Inverse condemnation occurs when property is taken for public use without
proper condemnation proceedings and the property owner attempts to recover
compensation for that taking. City of Dallas v. Blanton, 200 S.W.3d 266, 271 (Tex.
App.—Dallas 2006, no pet.). To state a cause of action for inverse condemnation, a
plaintiff must allege: (1) an intentional governmental act; (2) that resulted in his
property being taken, damaged, or destroyed; (3) for public use. Id. Although the
Texas Constitution’s adequate compensation provision is worded differently from the
just compensation clause of the Fifth Amendment to the United States Constitution,
the Texas Supreme Court has described them as comparable and generally looks to
federal cases for guidance in takings cases. See Hallco Tex., Inc. v. McMullen
County, 221 S.W.3d 50, 56 (Tex. 2006); Sheffield, 140 S.W.3d at 669.
Did HS Tejas Allege a Ripe Claim?
          Ripeness is an element of subject-matter jurisdiction and, as such, is subject to
de novo review. Mayhew, 964 S.W.2d at 928–29. We look to the experience of the
federal courts in determining the ripeness of constitutional challenges to land-use
regulations. Id. at 928–29.
          A regulatory-takings claim may challenge a land-use restriction on its face or
as applied to particular property. Keystone Bituminous Coal Ass’n v. DeBenedictis,
480 U.S. 470, 494, 107 S. Ct. 1232, 1246 (1987) (recognizing “an important
distinction between a claim that the mere enactment of a statute constitutes a taking
and a claim that the particular impact of government action on a specific piece of
property requires the payment of just compensation”); City of Corpus Christi v. Pub.
Util. Comm’n, 51 S.W.3d 231, 247 (Tex. 2001). A facial challenge is ripe when the
restriction is imposed, but an as-applied claim is not ripe until the regulatory authority
has made a final decision regarding the application of the regulation to the property.
Yee v. City of Escondido, 503 U.S. 519, 533-34, 112 S. Ct. 1522, 1531-32 (1992);
Williamson County Reg’l Planning Comm’n v. Hamilton Bank, 473 U.S. 172, 186,
105 S. Ct. 3108, 3116 (1985). 
          HS Tejas claims its challenge is a facial challenge in which ripeness is not an
issue. However, because HS Tejas does not allege that the sections of the Code at
issue do not “substantially advance a legitimate state interest” no matter how they are
applied, we construe HS Tejas’s claim as complaining that the Code, as applied to its
property, amounts to an unconstitutional regulatory taking. See Yee, 503 U.S. at
533–34, 112 S. Ct. at 1531–32.
          The City asserts that HS Tejas has failed to allege a concrete injury sufficient
to establish a ripe controversy. Specifically, the City alleges that HS Tejas’s takings
claim is based solely on a hypothetical possibility of improving or selling its property
between the effective dates of the 2006 and 2008 amendments, and thus does not
constitute the type of specific injury sufficient to support a regulatory takings claim. 
We agree.
          A case is not ripe when the determination of whether the plaintiff has a
concrete injury depends on contingent or hypothetical facts, or upon events that have
not yet come to pass. See Waco Indep. School Dist. v. Gibson, 22 S.W.3d 849, 852
(Tex. 2000) (holding that injunctive action against school district involving equal
rights and due course of law claims arising out of student promotion policy was not
ripe because policy had not been applied at time suit was filed). HS Tejas has not
alleged any specific improvement or sale that was impacted or impeded by the 2006
amendment. Moreover, HS Tejas did not submit to the trial court any plan for
development or renovation of the property. In the absence of a specific allegation
that the 2006 amendment impeded some actual development or sales plan, there is no
concrete injury alleged sufficient to support a regulatory takings claim. Gibson, 22
S.W.3d at 852. In fact, under the 2008 ordinance, which affords the City Engineer
greater discretion in issuing permits, HS Tejas may now apply for a development
permit, giving the City an opportunity to abate any alleged taking. Houston, Tex.
Code of Ordinances § 19-43 (2009); Mayhew, 964 S.W.2d at 930.
          HS Tejas argues that this case is similar to the circumstances this Court
confronted in City of Houston v. O’Fiel, No. 01-08-00242-CV, 2009 WL 214350
(Tex. App—Houston [1st Dist.] Jan. 29, 2009, pet. filed), and City of Houston v.
Noonan, No. 01-08-01030-CV, 2009 WL 1424608 (Tex. App.—Houston [1st Dist.]
May 21, 2009, no pet. h.). Both O’Fiel and Noonan involved identical challenges to
the City’s 2006 amendment to the flood ordinance. Noonan, 2009 WL 1424608, at
*1; O’Fiel, 2009 WL 214350, at *1. In each case, this Court upheld the trial court’s
denial of the City’s plea to the jurisdiction on ripeness grounds. But the plaintiffs in
each of those prior cases alleged a concrete injury in a way that is lacking here. In
O’Fiel, the plaintiffs owned a home on the property affected by the 2006 amendment,
and they alleged they were unable to build an improvement on their property.


 And
in Noonan, the plaintiff actually filed an application for a building permit, which was
denied.


 In contrast, HS Tejas owned vacant lots, and it has made no allegation of
any specific plans for improvement or sale that were adversely affected by the 2006
amendment.
          In a suit against the State, the plaintiff has the burden to establish that the court
has jurisdiction over the case. Miranda, 133 S.W.3d at 226. Whether the plaintiff
has met its burden is a question of law. Id. If the pleadings do not affirmatively show
that the trial court has jurisdiction, but do not affirmatively demonstrate that there is
no jurisdiction, the plaintiff should be given an opportunity to amend its pleadings. 
Id. at 226–27.
          Because HS Tejas has not pleaded specific jurisdictional facts indicating how
HS Tejas was impacted by the 2006 amendment before passage of the less restrictive
2008 ordinance, we hold no concrete injury has been alleged sufficient to support a
regulatory takings claim. Therefore, HS Tejas did not carry its burden to establish
that the trial court had subject matter jurisdiction over this case. However, the
petition did not affirmatively establish that there was no jurisdiction. Under these
circumstances, HS Tejas should be given an opportunity to amend its petition. See
id. Conclusion
          “A trial court must grant a plea to the jurisdiction, after providing an
appropriate opportunity to amend, when the pleadings do not state a cause of action
upon which the trial court has jurisdiction.” Harris County v. Sykes, 136 S.W.3d 635,
639 (Tex. 2004). Here, HS Tejas’s petition did not state a cause of action upon which
the trial court had jurisdiction. Therefore, the trial court erred in denying the City’s
plea to the jurisdiction. HS Tejas should be afforded the opportunity to amend its
petition before its suit is dismissed with prejudice.
          Accordingly, we sustain the City’s issue. We reverse the order denying the
plea to the jurisdiction and remand the cause to the trial court for further proceedings
consistent with this opinion.
 
                                                                        Michael Massengale
                                                                        Justice
 
Panel consists of Chief Justice Radack, Justices Bland, and Massengale.