NO. 07-10-00273-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



APRIL
8, 2011

 



 

UNIFUND CCR PARTNERS, APPELLANT

 

v.

 

EDDIE WATSON, APPELLEE 



 



 

FROM THE COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY;

 

NO. 2010-079503-2; HONORABLE SIDNEY C. FARRAR, JR., JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

OPINION

 

            Appellant
Unifund CCR Partners appeals the trial court’s order
sustaining the plea to the jurisdiction of appellee
Eddie Watson and dismissing the case.  We
will reverse and remand the case to the trial court for further proceedings.

Background

Unifund sued Watson.  According to its live petition, Unifund was the assignee of a credit card account on which
Watson defaulted.  On May 3, 2010, Watson
filed a plea to the jurisdiction alleging “[w]ithout
some admissible evidence of the assignment, [Unifund]
lacks standing to bring its claims.” 
Watson filed no evidence supporting his plea.

            The
clerk’s record contains the response of Unifund with
attached evidence.  The response, under a
cover letter from Unifund’s attorney dated May 12,
was received by the county clerk on May 14, 2010.  On the same day, the trial court signed an
order dismissing the case for want of jurisdiction.  In part, the order states “[a]fter hearing arguments of counsel and reviewing the
documents filed in this cause, the Court finds that [Watson’s] Plea should be
GRANTED.”  Unifund
did not file a motion for new trial but timely perfected this appeal.

Analysis

            Through
a single issue, Unifund argues the trial court erred
in granting Watson’s plea to the jurisdiction and dismissing the case.[1]  In support of its issue, Unifund
argues in part that the trial court should have handled Watson’s plea to the jurisdiction
like a motion for summary judgment.  As
we read the parties’ briefs, their chief dispute on appeal is whether Unifund presented a response with sufficient supporting
evidence in opposition to Watson’s plea to the jurisdiction.  But because Unifund
is correct that the procedure on a challenge of evidence supporting
jurisdictional facts is like that for a traditional motion for summary
judgment, Texas Dep’t of Parks &
Wildlife v. Miranda, 133 S.W.3d 217, 228 (Tex. 2004), our concern on review
is not the timeliness or sufficiency of Unifund’s
evidence.  Or, for that matter, whether
it even filed a response.  Rather, the
question is whether Watson carried the burden that was his.

The basis of Watson’s plea to the
jurisdiction was Unifund lacked evidence to prove
ownership of Watson’s account, and thus could not show standing to assert its
claims.  Standing is a prerequisite to
the trial court’s subject-matter jurisdiction. 
Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547,
553-54 (Tex. 2000). 
The issue of standing focuses on whether a party possesses a “justiciable interest” in the outcome of a suit.  Austin Nursing Center, Inc. v. Lovato,
171 S.W.3d 845, 848 (Tex. 2005). 
Thus a real controversy between the parties that will actually be
determined by the adjudication sought must exist.  Id.
(quoting Tex. Ass’n
of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443-44 (Tex. 1993)).  One who has a personal stake in the
controversy has standing.  Robinson v. Neeley, 192 S.W.3d 904, 907 (Tex.App.--Dallas
2006, no pet.).  A party’s
standing may be challenged by a plea to the jurisdiction as well as by other
procedural vehicles.  Bland, 34 S.W.3d at
554.

A plea to the jurisdiction is a
dilatory plea that seeks dismissal of a case for lack of subject-matter jurisdiction.  Harris County v. Sykes, 136 S.W.3d 635, 638 (Tex. 2004).  Whether the trial court lacks subject-matter
jurisdiction is a question of law we review de
novo.  State v. Holland, 221 S.W.3d 639, 642
(Tex. 2007).  

A plaintiff is obligated to plead
facts affirmatively demonstrating the subject-matter jurisdiction of the trial
court.  Miranda, 133 S.W.3d at 226; see
Texas Ass’n of
Business, 852 S.W.2d at 446 (discussing standing).  “It has long been the rule that a plaintiff’s
good faith allegations are used to determine the trial court’s
jurisdiction.”  Frost Nat’l Bank v. Fernandez, 315 S.W.3d 494,
502-503 (Tex. 2010).  Whether a
plaintiff’s pleadings affirmatively demonstrate subject-matter jurisdiction
also is a question of law. Miranda, 133 S.W.3d at 226.  We
liberally construe the plaintiff’s petition, looking to the pleader’s
intent.  Holland, 221 S.W.3d at 642-43; City of Austin v. Leggett, 257 S.W.3d
456, 461 (Tex. App.--Austin 2008, no pet.).  A plaintiff should plead facts supporting
jurisdiction although specific allegations about subject-matter jurisdiction
are not required.  Tex. Dep’t of Transportation v. Beckner,
74 S.W.3d 98, 103-04, 104 n.10 (Tex.App.--Waco
2002, no pet.) (citing Tex. Ass’n of Business, 852 S.W.2d at 446
and Tex. R. Civ. P. 47, 78-82).  To
determine standing, a court may presume the truth of allegations supporting
standing.  Fernandez, 315 S.W.3d at 503.

“When a plea to the jurisdiction
challenges the existence of facts alleged by the pleader to establish the trial
court’s subject-matter jurisdiction, the trial court must consider relevant
evidence submitted by the parties.”  Miranda, 133 S.W.3d at 227 (citing Bland, 34 S.W.3d at 555).  This standard generally mirrors that of a
traditional summary judgment.  Id. at 228; Tex. R. Civ.
P. 166a(c).  Thus, the trial court
may consider affidavits and other summary judgment-type evidence.  FKM P’ship v. Board of Regents of Univ. of Houston Sys., 255 S.W.3d 619, 628 (Tex. 2008).  The court takes as true evidence favorable to
the nonmovant and indulges every reasonable inference
and resolves any doubts in the nonmovant’s favor.  City of Waco v. Kirwan, 298 S.W.3d 618, 622 (Tex. 2009).  

It is for the defendant to assert the
absence of subject-matter jurisdiction and present conclusive proof that the
trial court lacks subject-matter jurisdiction. 
Miranda, 133 S.W.3d at 228
(party asserting plea to jurisdiction must meet summary judgment standard of
proof); City of Austin v. Rangel, 184
S.W.3d 377, 382 (Tex.App.--Austin 2006, no pet.) (defendant must first establish as a matter of law absence of
subject-matter jurisdiction); Dallas
County v. Wadley, 168 S.W.3d 373, 377, 378-79 (Tex.App.--Dallas
2005, pet. denied) (plaintiffs had no burden on defendant’s plea to
jurisdiction until defendant met its burden). 
If the defendant discharges this burden, the plaintiff must present
evidence sufficient to raise a material issue of fact regarding jurisdiction or
the plea will be sustained.  Miranda, 133 S.W.3d at
228; City of Dallas v. Heard, 252
S.W.3d 98, 102 (Tex.App.--Dallas 2008, pet. denied).  However, as with a traditional motion for
summary judgment, if the defendant fails to present conclusive proof of facts
negating subject-matter jurisdiction, the burden does not shift to the
plaintiff to establish the existence of an issue of material fact.  See
Wadley, 168 S.W.3d at 378-79.  This means that a defendant may not merely
offer a pleading denying the existence of jurisdictional facts and by so doing
force the plaintiff to present evidence sufficient to raise an issue of
fact.  Rangel, 184 S.W.3d at 382; cf.
Tex. R. Civ. P. 166a(i)
(no-evidence motion for summary judgment).[2]  The plaintiff is thus protected from having
to put on its case simply to establish jurisdiction.  See
Miranda, 133 S.W.3d at 228; Wadley, 168 S.W.3d at 377.

Here, in its live petition Unifund alleged: “In the usual course of business, First
USA Bank NA, advanced funds to [Watson] pursuant to credit card
#4266841040550913.  [Unifund]
is the assignee of this credit card agreement.” 
While, as Watson points out, a document evidencing the assignment was
not attached to the pleading, there is no such requirement.  See
Tex. R. Civ. P. 59.  “Texas follows a
‘fair notice’ standard for pleading, which looks to whether the opposing party
can ascertain from the pleading the nature and basic issues of the controversy
and what testimony will be relevant.”  Horizon/CMS Healthcare Corp.
v. Auld, 34 S.W.3d 887, 896 (Tex. 2000).  Unifund’s pleading
alleging its status as assignee of Watson’s credit card
account sufficiently plead its standing. 
See Fernandez, 315 S.W.3d at
503-04 (allegation in bill of review petition of will construction case that
party was decedent’s “non-marital child and, because of
that relationship, she is entitled to an intestate inheritance . . .”
sufficient to confer standing regardless of truth of alleged relationship or
rebuttal of claim on merits).

Nevertheless, in his plea to the
jurisdiction, Watson asserted the “underlying jurisdictional facts” were in
issue.  He argued Unifund
lacked any evidence of assignment and was obligated to come forward with
evidence sufficient to demonstrate an issue of fact.  As noted, Watson offered no evidence
supporting his plea.  Nor did he argue or
otherwise direct the trial court to evidence conclusively negating the claimed
assignment of Unifund.[3]  By failing to make conclusive proof that Unifund did not occupy the claimed status of assignee of
Watson’s account, Watson did not carry his evidentiary burden.  The burden of presenting evidence sufficient
to raise a material issue of fact never shifted to Unifund.  Miranda,
133 S.W.3d at 228; Wadley,
168 S.W.3d at 379.  Unifund
sufficiently plead its standing and Watson offered no evidence supporting his
challenge of jurisdictional facts.  The
trial court erred in sustaining Watson’s plea to the jurisdiction.

Conclusion

We sustain Unifund’s
issue, and remand the case to the trial court for further proceedings
consistent with this opinion.

 

                                                                                                James T.
Campbell

                                                                                                            Justice

 

 











[1] See
Malooly Bros, Inc. v. Napier, 461 S.W.2d 119, 121
(Tex. 1970), where the court concluded that a point of error stating generally
that the trial court erred by granting summary judgment authorizes review of
all possible grounds of trial court error in granting the summary judgment. 





[2] Watson contends on appeal that Unifund
failed to preserve error because it did not file a motion for new trial.  The contention is based on the notion Unifund bore a burden to demonstrate its standing in
response to Watson’s plea to the jurisdiction. 
Because Unifund had no such burden, it is
irrelevant whether the trial court considered its response received by the
trial court clerk on the day of the hearing. 

 





[3] Watson notes on appeal that no reporter’s record was
made of the May 14 hearing on his plea to the jurisdiction.  In the absence of a reporter’s record, he
argues, we must presume evidence sufficient to support the trial court’s
judgment was presented. Case law supports a general proposition that when a
reporter’s record is not brought forward a reviewing court must presume the
evidence before the trial court was adequate to support the judgment or
order.  Parker v. Coppedge, No. 07-05-0389-CV,
2006 Tex. App. Lexis 2373, at *2 n.2 (Tex.App.--Amarillo
March 29, 2006, pet. denied) (per curiam, mem. op.).  And live
testimony sometimes is presented at a hearing on a plea to the
jurisdiction.  See, e.g., Bland, 34 S.W.3d at 550; Pickett
v. Texas Mut. Ins. Co., 239 S.W.3d
826, 839-40 (Tex.App.—Austin 2007, no pet.).
 But Watson does not tell us that evidence
was presented at the May 14 hearing, and nothing in the record suggests the
court heard evidence.  As noted, the
court’s judgment indicates it was not based on evidence heard at the hearing,
stating “after hearing arguments of counsel and reviewing the documents filed
in this case, the Court finds that the Defendant’s Plea should be
GRANTED.”  Watson effectively asks us to
presume both that the court heard evidence, and that it conclusively
established Unifund lacked standing.  Under the circumstances reflected in this
record, we will not do so.