



## MEMORANDUM OPINION

No. 04-10-00759-CV

**SAN ANTONIO HOUSING AUTHORITY FOUNDATION, INC.**
d/b/a San Antonio Housing Authority a/k/a SAHA,
Appellant

v.

Herbert Allen **SMITH** and Missy Rene Smith,
Appellees

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2009CI16412
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  August 17, 2011

REVERSED AND RENDERED

        This is an interlocutory appeal from the trial court's denial of a plea to the jurisdiction filed by appellant San Antonio Housing Authority Foundation, Inc. d/b/a San Antonio Housing Authority a/k/a SAHA.  On appeal, SAHA raises two issues, contending: (1) the trial court erred in denying its plea to the jurisdiction, and (2) res judicata bars the Smiths' claims.  We reverse the trial court's order denying SAHA's plea to the jurisdiction and render judgment dismissing the Smiths' claims.

**BACKGROUND**

In 2007, Herbert Allen Smith and Missy Rene Smith were living in a home at 514 Precious, which was provided by SAHA. That year, the Smiths complained to SAHA about mold in their home. SAHA moved the family to a temporary residence at Courtland Heights so SAHA could "remediate" the problem. SAHA provided furniture to the Smiths during their stay at Courtland Heights. The Smiths remained at Courtland Heights until 2008 when they moved back into their home at 514 Precious. Almost immediately, the Smiths began to complain there was still mold in the house. They also claimed that property they had left at 514 Precious during their stay at Courtland Heights was supposed to be cleaned, but when they returned they found some of the property damaged or missing.

In March of 2008, SAHA moved the Smiths to a new home at 448 Precious. At this time, the Smiths filed a damage claim with SAHA. SAHA paid the Smiths $41,000.00. SAHA claimed the payment was for mold damage to personal property. From the record, it appears the payment was for damages to property that occurred between June 18, 2007 and March 19, 2008.

After moving into their new home at 448 Precious, the Smiths again complained of mold. The Smiths filed a second claim for damages and a lawsuit. This time, SAHA paid to have the Smiths' personal belongings stored in a professional storage facility during the remediation of the home at 448 Precious. According to SAHA, the second remediation was completed, but after filing suit, the Smiths refused to pick up their personal belongings from the storage facility. Because the Smiths would not pick up their property and the cost of storage was expensive, SAHA moved the property to a SAHA warehouse, where the property apparently remains. The Smiths claimed they requested the property be returned, but SAHA returned only a few items.

The Smiths also claimed that when they viewed the items at the storage facility, they noted some of their property was damaged.

As noted above, the Smiths filed suit against SAHA. In their First Amended Petition, which was the live pleading for purposes of the plea to the jurisdiction, the Smiths alleged claims for negligence, retaliation, eviction, conversion, and takings. In response, SAHA filed an answer and then a plea to the jurisdiction asserting sovereign immunity. After a hearing, the trial court ruled by written order dated September 24, 2010, that SAHA's plea should be granted as to the Smiths' claims for conversion and negligence, but denied as to their claims for retaliation, eviction, and takings. SAHA thereafter perfected this interlocutory appeal.

After the hearing on SAHA's plea to the jurisdiction, the Smiths filed a Second Amended Petition in which they alleged the same claims asserted in the First Amended Petition plus a claim for breach of contract. By order dated October 28, 2010, the trial court severed the new cause of action asserted in the Second Amended Petition from those ruled upon by the trial court in its September 24, 2010 order. SAHA filed a plea to the jurisdiction in the severed cause and, after a hearing, this plea to the jurisdiction was granted. We note that in the plea to the jurisdiction in the severed cause, SAHA also asserted immunity as to the causes of action ruled upon by the trial court in the first plea. SAHA apparently took this action because the Smiths reasserted all of their claims in the Second Amended Petition.

We hold, however, these claims were not severed into the new cause; rather, pursuant to the specific language in the trial court's October 28, 2010 order, only the cause of action not ruled upon in the previous plea, i.e., the breach of contract claim, was severed. Accordingly, we find this is the only claim to which the trial court's order granting SAHA's plea in the severed cause was applicable. The Smiths appealed the granting of the plea in the severed cause to this

court, but ultimately filed a motion to dismiss the appeal, which was granted. *See Smith v. San Antonio Housing Auth. Found., Inc.*, No. 04-10-00875-CV, 2011 WL 61195 (Tex. App.—San Antonio Jan. 5, 2011, no pet.) (mem. op.). Accordingly, it is only the Smiths' breach of contract claim that was finally disposed.

## ANALYSIS

SAHA raises two issues on appeal. SAHA first contends the trial court erred in denying its plea to the jurisdiction as to the Smiths' takings, eviction, and retaliation claims. SAHA also contends the claims in this appeal are barred by res judicata based on the trial court's order granting the second plea to the jurisdiction.

### *Plea to the Jurisdiction*

In its first issue, SAHA argues the trial court erred in denying its plea to the jurisdiction because SAHA, as a governmental unit, is immune from liability as there has been no waiver of immunity. It also argues the Smiths' pleadings failed to state facts sufficient to support their claims.

Sovereign immunity from suit defeats a trial court's subject matter jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). A plea to the jurisdiction challenges a court's authority to determine the subject matter of the action. *Texas Bay Cherry Hill, L.P. v. City of Fort Worth*, 257 S.W.3d 379, 387 (Tex. App.—Fort Worth 2008, no pet.) (citing *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999)). Therefore, a claim of sovereign immunity is properly asserted in a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 226.

*Retaliation*

In their petition, the Smiths asserted a claim for retaliation based on section 92.331 of the Texas Property Code. That section gives tenants a right to recover against landlords who retaliate by filing eviction actions or taking other adverse actions against tenants who, among other things, ask the landlord for repairs. *See* TEX. PROP. CODE ANN. § 92.331 (West 2007). The Smiths claimed SAHA retaliated against them for complaining about the mold "by engaging in conversion and eviction." SAHA argued in its plea to the jurisdiction, and on appeal, that immunity is not waived for any claims arising out of an intentional tort, and retaliation is an intentional tort. SAHA therefore contends the trial court erred in denying its plea to the jurisdiction as to the retaliation claim. We agree.

The waiver of governmental immunity is a matter addressed to the Texas Legislature. *Univ. of Tex. Med. Branch at Galveston v. Hohman*, 6 S.W.3d 767, 775 (Tex. App.—Houston [1st Dist.] 1999, pet. dism'd w.o.j.) (citing *City of LaPorte v. Barfield*, 898 S.W.2d 288, 291 (Tex. 1995)). To waive a governmental entity's sovereign immunity, the Legislature must do so in clear and unambiguous language. *Id.* Section 101.057 of the Texas Civil Practice & Remedies Code, which is part of the Texas Tort Claims Act, specifically states there is no waiver of immunity for intentional torts. TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) (West 2011); *see Midland Indep. Sch. Dist. v. Watley*, 216 S.W.3d 374, 383 (Tex. App.—Eastland 2006, no pet.); *Tex. River Barges v. City of San Antonio*, 21 S.W.3d 347, 356 (Tex. App.—San Antonio 2000, pet. denied).

In this case, the Smiths alleged SAHA damaged and destroyed their personal property because the Smiths complained about mold in their housing unit. We hold retaliation, as alleged by the Smiths, is an intentional tort. *Cf. Walton v. Tex. Dep't of Criminal Justice*, No. 13-07-

00656-CV, 2008 WL 3868113, at \*1 (Tex. App.—Corpus Christi 2008, pet. denied) (mem. op.) (affirming grant of plea to jurisdiction as to inmate suit that included retaliation claim, which court described as intentional tort under section 101.057 of Civil Practice & Remedies Code). Accordingly, the Smiths are statutorily precluded from asserting retaliation against SAHA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.057. Because there has been no waiver of immunity for the intentional tort of retaliation, we hold the trial court erred in not granting SAHA's plea as to this claim.

*Takings*

In their petition, the Smiths alleged SAHA took and damaged their property without adequate compensation in violation of Article 1, Section 17 of the Texas Constitution. *See* TEX. CONST. art. I, § 17 (stating "[n]o person's property shall be taken, damaged or destroyed or applied to public use without adequate compensation being made, unless by the consent of such person."). To establish such a claim, the Smiths were required to plead facts establishing SAHA (1) intentionally performed certain acts in the exercise of its lawful authority (2) that were a proximate cause of the taking, damaging, or destroying of the Smiths' property (3) for public use. *See City of Houston v. Boyle*, 148 S.W.3d 171, 177 (Tex. App.—Houston [1st Dist.] 2004, no pet.). In its plea to the jurisdiction, SAHA alleged the Smiths' pleadings affirmatively negate the trial court's jurisdiction over the takings claim. SAHA also challenged the existence of facts alleged by the Smiths to establish the trial court's subject matter jurisdiction.

Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law we review de novo. *Miranda*, 133 S.W.3d at 226. When the plea to the jurisdiction challenges the pleadings, we must determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Id*. The pleadings

must be construed liberally in favor of the pleader, and we look to the pleader's intent. *Id*. "If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court[']s jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend." *Id*. If, however, the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the pleader a chance to amend. *Id*.

However, "[w]hen a plea to the jurisdiction challenges the existence of facts alleged by the pleader to establish the trial court's subject matter jurisdiction, as occurred in this case, the trial court must consider relevant evidence submitted by the parties." *Miranda*, 133 S.W.3d at 227 (citing *Bland*, 34 S.W.3d at 555). This standard generally mirrors that of a traditional summary judgment. *Id.* at 228; TEX. R. CIV. P. 166a(c). Thus, the trial court may consider affidavits and other summary judgment-type evidence. *FKM P'ship v. Bd. of Regents of Univ. of Houston Sys.*, 255 S.W.3d 619, 628 (Tex. 2008). The court takes as true evidence favorable to the nonmovant and indulges every reasonable inference and resolves any doubts in the nonmovant's favor. *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009). It is for the defendant to assert the absence of subject matter jurisdiction and present conclusive proof the trial court lacks subject matter jurisdiction. *Miranda*, 133 S.W.3d at 228 (party asserting plea to jurisdiction must meet summary judgment standard of proof); *City of Austin v. Rangel*, 184 S.W.3d 377, 382 (Tex. App.—Austin 2006, no pet.) (defendant must first establish as matter of law absence of subject matter jurisdiction); *Dallas County v. Wadley*, 168 S.W.3d 373, 377, 378-79 (Tex. App.—Dallas 2005, pet. denied) (plaintiffs had no burden on defendant's plea to jurisdiction until defendant met its burden).

If the defendant discharges this burden, the plaintiff must present evidence sufficient to raise a material issue of fact regarding jurisdiction or the plea will be sustained. *Miranda*, 133 S.W.3d at 228; *City of Dallas v. Heard*, 252 S.W.3d 98, 102 (Tex. App.—Dallas 2008, pet. denied). However, as with a traditional motion for summary judgment, if the defendant fails to present conclusive proof of facts negating subject matter jurisdiction, the burden does not shift to the plaintiff to establish the existence of an issue of material fact. *See Wadley*, 168 S.W.3d at 378-79. This means a defendant may not merely offer a pleading denying the existence of jurisdictional facts and by so doing force the plaintiff to present evidence sufficient to raise an issue of fact. *Rangel*, 184 S.W.3d at 382; *cf.* TEX. R. CIV. P. 166a(i) (no-evidence motion for summary judgment). The plaintiff is thus protected from having to put on its case simply to establish jurisdiction. *See Miranda*, 133 S.W.3d at 228; *Wadley*, 168 S.W.3d at 377.

We shall deal with SAHA's evidentiary challenges first. SAHA submitted evidence to controvert certain factual allegations made by the Smiths in support of jurisdiction with regard to the takings claim. We must, therefore, consider that evidence to decide this jurisdictional challenge. *See Miranda*, 133 S.W.3d at 231. SAHA contends, among other things, it presented evidence that conclusively proves SAHA did not take or damage the Smiths' property for public use; rather, the undisputed evidence established SAHA merely stored the property during the mold remediation. SAHA contends this negates the Smiths' takings claim. We agree.

Attached to SAHA's plea to the jurisdiction is an affidavit from Jennifer Gonzales, the Risk Specialist for SAHA. In her affidavit, Gonzales averred that when the Smiths were first moved from their home during the initial mold remediation, the property was at all times stored in a mobile storage unit on the home's driveway. When the Smiths made their second mold complaint, their personal property was packed by Armstrong Moving and Storage Company at

the direction of SAHA. According to Gonzalez, the Smiths' property was always stored in the possession of either Armstrong Moving and Storage Company or SAHA.

Gonzales's testimony establishes as a matter of law that the Smiths' property was stored at all times, thereby establishing an absence of public use of that property. Because SAHA established as a matter of law an absence of a taking for public use, it was incumbent upon the Smiths to present evidence sufficient to raise a material issue of fact regarding jurisdiction. We have reviewed all of the evidence attached to the Smiths' response to the plea to the jurisdiction and the record, and cannot find even a scintilla of evidence that SAHA took the Smiths' property and damaged it for some public use. In fact, it is clear from the record that the Smiths agree their property was in storage during each remediation, and continues to be held in storage to date.

Accordingly, we conclude the evidence in the record establishes SAHA did not take and damage the Smiths' personal property for a public use. The Smiths have failed to raise a fact issue regarding this element of their takings claim. Therefore, the trial court lacked subject matter jurisdiction over this claim and should have granted SAHA's plea with regard to the takings allegation. Given our holding on the takings claim, we need not review SAHA's evidentiary challenge to another element of the takings claim, nor are we required to review SAHA's challenges to the Smiths' pleadings.

*Eviction*

In their live petition, the Smiths claimed SAHA wrongfully evicted them, violating landlord duties under numerous provisions of the Texas Property Code. In response, SAHA presented evidence in an attempt to negate the Smiths' allegation of eviction. We will again consider SAHA's evidence to decide whether the trial court has jurisdiction over this claim. *See Miranda*, 133 S.W.3d at 231.

SAHA presented as evidence in support of its plea the properly authenticated depositions of the Smiths, both Missy and Herbert. In Missy's deposition, she was asked what SAHA did that constitutes an eviction. In response, Missy testified SAHA filed several eviction notices, but admitted, "They never evicted me or nothing, just take me to court." When specifically asked if she was ever "actually" evicted, Missy said, "No."

Similarly, Herbert admitted there had never been an actual eviction. Rather, according to both Missy and Herbert, they considered it an eviction when the family was asked to move to another SAHA dwelling because of mold contamination and when SAHA filed suit for the Smiths' failure to pay rent. Both admitted, however, there was never any actual, legal eviction.

The Smiths' deposition testimony, which was submitted as evidence in support of SAHA's plea to the jurisdiction, establishes as a matter of law that the Smiths were never evicted. Rather, the evidence shows SAHA moved the Smiths to other locations when the Smiths complained about mold contamination. We have found nothing in the record to establish the Smiths were ever actually "evicted." We must therefore conclude the trial court lacked subject matter jurisdiction over the Smiths' eviction claim.

Having determined the trial court lacked jurisdiction over the Smiths' retaliation, takings, and evictions claims, we sustain SAHA's first issue and hold the trial court erred in denying SAHA's plea to the jurisdiction as to these claims. Given our disposition of this issue, we need not reach SAHA's claim that this appeal is moot under the doctrine of res judicata.

**CONCLUSION**

Based on the foregoing, we sustain SAHA's first issue. We hold the trial court erred in denying SAHA's plea to the jurisdiction. We reverse the trial court's judgment and dismiss the Smiths' retaliation, takings, and eviction claims for lack of subject matter jurisdiction.

Marialyn Barnard, Justice