**DISMISS and Opinion Filed July 24, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-24-00518-CV**

**ST. JOHN MISSIONARY BAPTIST CHURCH, INC. OF DALLAS, TEXAS,**
**Appellant**
**V.**
**MICHAEL ROLLERSON AND GLORIA SMITH ROLLERSON,**
**INDIVIDUALLY AND A/N/F M.R., A MINOR CHILD, Appellees**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-03833**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Pedersen, III
Opinion by Chief Justice Burns

St. John Missionary Baptist Church, Inc. of Dallas, Texas brings this interlocutory appeal from the denial of its plea to the jurisdiction. We questioned our jurisdiction because it does not appear appellant is a governmental unit. Appellant responded, conceding it is not a governmental unit, but suggesting we should exercise jurisdiction because it concerns the doctrine of ecclesiastical abstention. We dismiss this appeal for lack of jurisdiction.

Appellate review is ordinarily limited to final judgments. *Harley Channelview Prop., LLC v. Harley Marine Gulf, LLC*, 690 S.W.3d 32, 37 (Tex. 2024). This Court has jurisdiction to consider appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction. *See id.*; *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998). The legislature determines, by statute, whether a particular type of pretrial ruling is appealable before a final judgment is rendered. *Dallas County v. Alejo*, 243 S.W.3d 21, 25 (Tex. App—Dallas 2007, no pet.). We strictly construe such statutes because they are an exception to the general rule. *See Dallas County v. Wadley*, 168 S.W.3d 373, 375 (Tex. App—Dallas 2005, pet. denied).

Section 51.014(a)(8) of the Texas Civil Practices & Remedies Code provides that a person may appeal from an interlocutory order that grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in section 101.001. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8). The definition of governmental unit contained in section 101.001 does not include a church. *See id.* § 101.001(3).

This Court does not have jurisdiction over interlocutory appeals from orders denying a plea to the jurisdiction unless the plea was brought by a governmental unit. *Alejo*, 243 S.W.3d at 25; *Cantu Serv., Inc. v. United Freedom Assoc., Inc.*, 329 S.W.3d 58, 64 (Tex. App.—El Paso 2010, no pet.).

Accordingly, we dismiss this interlocutory appeal.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

240518F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

ST. JOHN MISSIONARY BAPTIST CHURCH, INC. OF DALLAS, TEXAS, Appellant

No. 05-24-00518-CV          V.

MICHAEL ROLLERSON AND GLORIA SMITH ROLLERSON, INDIVIDUALLY AND A/N/F M.R., A MINOR CHILD, Appellees

On Appeal from the 44th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-22-03833. Opinion delivered by Chief Justice Burns. Justices Molberg and Pedersen, III participating.

In accordance with this Court's opinion of this date, this appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellees MICHAEL ROLLERSON AND GLORIA SMITH ROLLERSON, INDIVIDUALLY AND A/N/F M.R., A MINOR CHILD recover their costs of this appeal from appellant ST. JOHN MISSIONARY BAPTIST CHURCH, INC. OF DALLAS, TEXAS.

Judgment entered July 24, 2024

–4–